GOTTHELF PACH AND OTHERS, RESPONDENTS, *v.* NICHOLAS GEOFFROY, APPELLANT, IMPLEADED WITH ANOTHER.

*Private nuisance — business injured by the operation of machinery — injunction — review of a case tried by a referee or by the court — interference with a lawful business.*

A tenant of a part of a building, used by him as a photograph gallery, is entitled to relief in equity restraining the unnecessary use of machinery, by a tenant of another portion of the same building, in such a location and manner as to render such use a private nuisance by causing continuous vibrations, jarrings and noises to the inconvenience of the plaintiff and his customers, and to the interference with and damage of his business, and which could be avoided by a change of the machinery to other portions of the premises held by the defendant.

When an act has been established as a nuisance it is not necessary to allege or prove negligence, or to give proof of damages, to entitle one to equitable relief by injunction.

A nuisance cannot be justified, or its maintenance secured, by showing that the injury which another receives thereby occurs in the conduct of a lawful business carried on with skill and care, though such business be conducted in a building used for buisness purposes, and for various kinds of mercantile and mechanical business, in a neighborhood where buildings are devoted to similar uses, and that the person complaining is using a portion of the building for business purposes.

In a case tried before a referee or by the court without a jury, where the General Term will examine the entire record to see whether any substantial rights have been jeopardized, it is not disposed to seize upon exceptions which may be technically good, but which do not amount to prejudicial error, for the purpose of reversing a judgment which, upon the entire record, seems to be right.

While the courts are loath to interfere with the manner of conducting a lawful business, yet when it is shown that the manner of conducting it results in injury to another, and that such injury can be prevented by changing the mode or manner of conducting the business, the court will be disposed to require that the cause of such injury be removed.

APPEAL by the defendant, Nicholas Geoffroy, from a judgment of the Supreme Court, entered in the office of the clerk of the city and county of New York on the 13th day of May, 1892, on the report of a referee in favor of the plaintiffs in an action for an injunction restraining the defendants " from carrying on the business of manufacturing on said premises by means of machinery propelled by electric or steam power, or from any other kind of business

requiring the use of steam or electricity, or from using any machinery which creates vibrations and noisome sounds, and which requires the use of shafting, belting and pulleys attached to the ceiling of said premises."

The plaintiffs and defendant are tenants in the same building; the former are photographers and the latter engaged in manufacturing jewelry. The action is brought against the defendant, who appeals, and his brother, Arthur R. Geoffroy. The complaint alleges that the operation of the machinery used by defendants in their business produces such a vibration and noise in the building as to amount to a private nuisance and to injure the business of plaintiffs, and asks that the defendants be restrained from using any machinery which creates vibrations and noisome sounds, and that the defendants pay the costs of the action. The answer, besides a general denial of the allegations of the complaint, alleges the leasing of the premises occupied by defendant for a term of years, "to be used for the sale and manufacture of fine jewelry," and that defendant fitted up the premises as such with the latest and most approved kinds of machinery, consisting of a dynamo engine with the necessary shafting, belting, etc., and that in the use of such machinery he has reduced the noise of running the same to the greatest possible minimum, and has made suggested changes to still further reduce the noise and vibration; and further alleges the misjoinder of Arthur R. Geoffroy as a party defendant.

The issues were referred to a referee to be tried, who, after receiving a great deal of testimony upon the disputed matters, reported in favor of the plaintiffs against the defendant, Nicholas Geoffroy, finding, among other things, that the use by the defendant of his dynamo and machinery, as now operated and controlled by him, is unnecessary and unreasonable, and a private nuisance, and a continuous damage to plaintiffs; and from the judgment entered on such report this appeal is taken on the ground of error of fact in the findings of the referee, and error of law upon the facts as found.

The following facts were established upon the trial: That in December, 1889, the plaintiffs leased from Deutsch & Co. certain space on the fourth and fifth lofts of the building 935 Broadway for a term of twelve years and three months from the 1st of February, 1890, and, having fitted up the premises, entered into occupancy of

the same March 1, 1890, and commenced the conduct of their business. That in January, 1890, the defendants took a twelve-year lease from Deutsch & Co. of certain space on the fourth and fifth lofts of the same building, and entered into possession and fitted up the premises for the purposes of their business; that thereafter Arthur R. Geoffroy retired from the firm and appellant continued the business under the name of Geoffroy & Co., and subsequently he sub-let to Deutsch & Co. a portion of the fourth floor originally leased from them by the defendants. That in fitting up his premises the defendant used line-shafting and pulleys and belts and a drop-hammer, the motive power of which was an electric dynamo. These were situated on the fourth floor under the premises occupied by plaintiffs as a photographic gallery. That, as first put up and operated, defendant's machinery caused vibrations and jarrings of the floor of plaintiff's premises, and, on complaint being made, defendant, with a view of remedying the cause of complaint, changed the attachment of his shafting and stringers from the ceiling to a gallows-frame fastened to the columns that support the floor above. Testimony was also introduced tending to show, and the the referee found as a fact, that the jarrings and vibrations still continued to the annoyance of plaintiffs and their customers and to the detriment of plaintiffs' business; and, further, that the removal of defendant's dynamo and machinery to other portions of his premises, where the same would not come in contact with the flooring of plaintiffs' operating-rooms or the uprights supporting the same, would remedy or alleviate the vibrations and noises to which the plaintiffs are subjected.

*Joseph Fettretch*, for the appellant.

*Charles E. O'Connor*, for the respondents.

O'BRIEN, J.:

The decree enjoins the defendant from using and operating the dynamo and machinery now used and employed by him in the conduct of his business in the place and manner and as now attached and erected by him on the premises No. 935 Broadway. It will thus be noticed that no restraint is placed on the defendant's business nor upon the use of the machinery in connection therewith,

but that the prohibition extends only to its use in such a manner as to create, as against the plaintiffs, a private nuisance.

If we assume the defendant's position that his business was a lawful one, carried on in a building used for business, mercantile and manufacturing purposes, by himself and other persons and firms, and which building is situated in a neighborhood given over to buildings used for such purposes, and if we assume that in the construction of the dynamo and machinery complained of no negligence was alleged or proved, the question still remains whether a court of equity will restrain the manner in which such dynamo and machinery is being used.

We do not regard this as a new question, it having been many times passed upon. In *Bohan* v. *P. J. G. L. Company* (122 N. Y., 23) it is said : " If one carry on a lawful trade or business in such a manner as to prove a nuisance to his neighbor, he must answer in damages, and it is not necessary to a right of action that the owner should be driven from his dwelling ; it is enough that the enjoyment of life and property be rendered uncomfortable.   *   *   * The wants of mankind demand that property be put to many and various uses and employments, and one may have, upon his property, any kind of lawful business, and, so long as it is not a nuisance and is not managed so as to become such, he is not responsible for any damage that his neighbor accidentally and unavoidably sustains."

The theory of plaintiffs' action, and the ground upon which the relief was accorded to them, were, not that the building was unsuited to a business such as the defendant was conducting ; not that the vicinage was unsuited to such a trade , not that the defendant had been guilty of any negligence in the selection or construction of the dynamo and machinery, but that the situation in which it was placed and the manner in which it was used were such as to make it a private nuisance. If the evidence was sufficient to warrant the findings of fact upon which the conclusions of the referee were reached, holding that the present location of the dynamo and machinery and the manner in which the same are used constituted such use of the premises a nuisance, then a court of equity would be justified in affording relief by injunction.

That proof of negligence is not essential to entitle the plaintiffs to such relief is disposed of in the opinion to which reference has

already been made, *supra*, in which it is said: "And it may be confidently asserted that no authority can be produced holding that negligence is essential to establish a cause of action for injuries of such a character." Without proof of negligence, therefore, if the evidence justified the findings that the operation of the dynamo and machinery in the place and manner as now attached caused vibrations and jarrings and noises which were continuous, to the inconvenience of the plaintiffs and their patrons, and to the interference and damage of the plaintiffs in the operation of their business; and if, in addition, it were shown that these acts were unreasonable and unnecessary, they were sufficient to justify his conclusion that they constituted a nuisance. Under such circumstances the failure or inability to prove pecuniary damages does not take away the power from a court of equity to redress the wrong and prevent a repetition of the injury. As said in *McKeon* v. *See* (4 Robt. Rep., 449, which case was affirmed in 51 N. Y., 300): "The suppression of 'oppressive and interminable litigation,' and the prevention of 'multiplicity of suits,' equally with protection against 'irreparable mischief,' form grounds of equitable interference."

The law, therefore, as we read the authorities, is that when an act has been established as a nuisance, it is neither necessary to allege nor prove negligence, nor is proof of damage requisite to entitle one to relief. In other words a nuisance cannot be justified, or its maintenance secured, by showing that the injury which another receives occurs in the conduct of a lawful business carried on with skill and care, though such business be conducted in a building used for business purposes, and for various kinds of mercantile and mechanical business in a neighborhood of buildings devoted to similar uses, and a portion of which building the person complaining is using for business purposes.

It will thus be seen, that, after all, the plaintiffs' right to relief is dependent mainly upon questions of fact; the principal one being whether the defendant's business was carried on in such a way as to constitute a private nuisance with respect to plaintiffs.

It is not our purpose to discuss, in detail, the voluminous record, and the almost equally voluminous brief of the appellant, and all the evidence and each finding made by the referee, with a view of determining the issue thus presented. That a serious conflict was

presented, and that some of the findings were upon slight evidence, is unquestioned. But, taking the plaintiffs' evidence, to which the referee gave greater credence, and upon which he placed his reliance in refusing to dismiss the complaint, and in formulating his findings and reaching his conclusions, we think, such evidence makes out a *prima facie* case in favor of the plaintiffs, in showing that the manner in which the defendant conducted his business resulted in the vibrations, jarrings and noises ; and if these were as continuous and as serious as claimed by some of the witnesses for the plaintiffs, resulting in interference and damage to plaintiffs' business and annoyance to their customers, then, upon further evidence that this could be avoided by a change of the dynamo and machinery from their present location to other portions of the premises held and enjoyed by the defendant, a case was presented entitling the plaintiffs to the relief accorded.

Feeling, therefore, that there was evidence sufficient to justify the conclusion reached by the referee, it remains to determine what the effect upon this judgment should be of certain rulings made, not only with respect to the findings, but also in regard to the admission and exclusion of evidence. It is to be remembered that in a case before a referee, like in a case tried before the Special Term, where the court will examine the entire record to see whether any substantial rights have been jeopardized, it is not disposed to seize upon exceptions which may be technically good, but which do not amount to prejudicial error, for the purpose of reversing a judgment which, upon the entire record, seems to be right. No case better suited for the application of this principle could be found than the one at bar. Hardly a question was asked of any witness, but an objection was interposed and an exception taken. Not a piece of evidence got into the case, but the referee was asked to make a finding with reference thereto. And after discussing the law, and the facts in a brief extending over 137 printed pages, we are seriously referred to over 200 exceptions grouped together by folios, the consideration of which was too much for even the appellant's counsel, who concluded that the court's time might be wisely employed in endeavoring to select, from among these 200 odd exceptions, or from all the other exceptions presented in the case upon refusals of proposed findings from the evidence, some ground

for a reversal of the judgment. As in duty bound, we have gone over this record, and have, upon the whole case, concluded that the questions of fact, presented as they were upon conflicting evidence, were those upon which it was proper for the referee to pass, and the errors into which he may have fallen in no way prejudiced the defendant.

This view is strengthened when we remember the relief which has been here accorded and the ground upon which such relief was based. The plaintiffs made out a *prima facie* case of a private nuisance resulting in discomfort and inconveniences to themselves, their customers and to their business upon a showing that such came from the unnecessary and unreasonable manner in which the dynamo and machinery of the defendant was placed and operated. It was to prevent such injury that the decree was made. The main portion of the argument of the defendant and one of the grounds principally relied upon by him is that no such injury resulted; that the machinery was operated in a way to make it in no wise injurious, disagreeable or obnoxious to the plaintiffs. If the defendant can so manage his dynamo and machinery that the jarrings and vibrations complained of will be obviated or will not be present, then the decree, which has been directed simply to restrain him from conducting his business to plaintiffs' injury cannot harm him. In other words, the injunction is not directed to preventing the defendant from carrying on a lawful business or using the dynamo and machinery, but it is to prevent him from placing and using them in such a way as to produce serious inconvenience and damage to plaintiffs and their business.

The referee has found that the injury could be obviated by changing the situation of the dynamo and by removing certain belting and pulleys from defendant's ceiling, which, it was insisted, was the cause of the acts complained of. That the machinery and pulleys originally placed upon the ceiling produced serious jarring and vibration there is little question; but the defendant placed great stress upon his having removed a certain portion from the ceiling and placed the same upon scaffolds which did not, in height, approach the ceiling to within three or four feet. That other portions of the machinery, however, were still attached to the ceiling was not disputed, and upon the evidence it appeared to the referee

that a removal of the dynamo and machinery to another portion of defendant's premises would obviate all the serious results.

While, therefore, the courts are always loath to interefere with the manner of conducting a lawful business, yet, when it can be shown that the manner of conducting it results in injury to another, and that such injury could be prevented by changing the mode or manner of conducting such business, the court will be disposed to require that the cause of such injury be removed. If the defendant conducts his business in such manner as to do no injury to plaintiffs the judgment does not hinder him from carrying on his trade of manufacturing jewelry upon the premises hired by him. If, on the other hand, he will persist, by the situation of the dynamo and machinery, in inflicting injury and annoyance upon the plaintiffs, their customers and their business, the decree to prevent such unlawful interference with the enjoyment of plaintiff's premises should be enforced.

We are of opinion, upon the entire record, that this judgment should be affirmed, with costs.

VAN BRUNT, P. J., and FOLLETT, J., concurred.

Judgment affirmed, with costs.