(31 Misc. Rep. 631.)

### MOON v. NATIONAL WALL-PLASTER CO. OF AMERICA.

(Supreme Court, Special Term, Onondaga County,    May, 1900.)

1. NUISANCE—DAMAGES—ABATEMENT.
    Where defendant built a factory, and put in defective machinery, which threw large quantities of dust on plaintiff's property, plaintiff was entitled to recover damages for the nuisance caused thereby, though defendant remedied the defect as soon as possible.

2. SAME—EQUITY—JURISDICTION—AWARDING DAMAGES.
    Plaintiff, having sued in equity to abate a nuisance and to recover damages caused thereby, was entitled to recover damages in the equity suit, though the nuisance was voluntarily abated immediately after the action was commenced, and the necessity for equitable relief thereby removed, since equity, having once obtained jurisdiction, had power to determine the controversy.

Suit by Albert Moon against the National Wall-Plaster Company of America to enjoin a nuisance, and to recover damages caused thereby. Judgment for plaintiff.

E. E. Dean, for plaintiff.
C. M. Elliott, for defendant.

HISCOCK, J. Defendant constructed a factory, and put therein machinery for the purpose of calcining gypsum rock and manufacturing wall plaster. This plant was located in a not thickly-populated part of the country district, not far from Syracuse. The machinery was extensive, and more or less novel in its character. Operation with it was commenced about July 9th, and, owing to some defects therein, from time to time large quantities of dust were emitted and

66 N.Y.S.—3

thrown upon plaintiff's neighboring premises, causing him damages which were assessed upon the trial at $83.96. This condition and trouble continued down to the time when this action was commenced. Two days after its commencement (August 19, 1899), defendant shut down its plant for a period of about six weeks, and endeavored to so remedy the defects in its machinery as to prevent the discharge of the obnoxious dust. For about ten days after it opened up the second time there was more or less difficulty of the same kind, but within that time defendant succeeded in so improving its machinery and the operation thereof as to substantially cure the difficulty; and from that time down to the trial of this action, in February, 1900, there had been practically no more trouble or ground for complaint, and there is no reason to apprehend that the trouble will recur. While plaintiff's complaint is broader than that, the only fault found with defendant upon the trial was over the emission of this dust.

The first question is whether the acts complained of as they occurred from the time the defendant commenced operations, in July, down to August 19th, two days after this suit was started, constituted a nuisance. I think they did. Defendant's contention that they did not is based mainly, if not entirely, upon the proposition that it used due diligence and skill in setting up its machinery and in endeavoring to obviate the trouble, and that the latter was of such a temporary character as not to constitute a nuisance. The case does not, however, seem to me to come within the principles advanced in Booth v. Railroad Co., 140 N. Y. 267, 35 N. E. 592, 24 L. R. A. 105, cited and especially relied upon by defendant to sustain its position. In the case cited, the trouble complained of arose from a jarring caused by the use of blasting powder. No matter or material of any kind was thrown upon plaintiff's premises. It was assumed that the results complained of in that case, as well as those assumed in other cases stated in the opinion not to constitute a nuisance, were necessarily incidental to the reasonable performance of acts which in turn were well within the reasonable use of the property of the person performing them. If he was to be permitted to enjoy his property, he must be permitted to perform the acts complained of. And, if he was to be permitted to perform such acts, the obnoxious results could not be obviated. It was plainly intimated in the Booth Case that, if there had been any practical way in which to avoid the damages which resulted to plaintiff, it would have been the duty of the defendant to do so. In the case at bar the difficulty had continued for about six weeks, and at the time of the commencement of the action it was reasonable to assume that it would continue. It was entirely practical to remedy it. This has been demonstrated by subsequent events. Yet, apparently, it was necessary for plaintiff to institute this action in order to compel defendant to make the necessary changes to cure the trouble. The case, therefore, seems to be one of a defective machine or machinery improperly used to the damage of another, and a resulting nuisance, which is not avoided even by the use of due diligence upon the part of the owner to obviate the trouble. Yocum v. Hotel St. George Co., 18 Abb. N. C. 340; Pach v. Geoffroy, 67 Hun, 401, 22 N. Y. Supp. 275; Campbell v. Seaman, 63 N. Y. 568; McKeon

v. See, 51 N. Y. 300; Bohan v. Gaslight Co., 122 N. Y. 18, 25 N. E. 246.

· The nuisance having been abated at the time of the trial, there is no occasion for any judgment permanently restraining its commission. Leonard v. Hotel Majestic Co., 17 Misc. Rep. 229, 40 N. Y. Supp. 1044. This being so, it is urged that the court has no power to award damages for injuries sustained while the nuisance existed, and should dismiss the action; and there is cited in support of that contention the case of Rosenheimer v. Gaslight Co., 39 App. Div. 482, 57 N. Y. Supp. 330. In that case, however, the court simply held hypothetically that if the facts had not, in the first place, warranted an appeal by plaintiff for an injunction, they would not have warranted a court of equity in assuming jurisdiction at all; that it would not have assumed jurisdiction simply for the purpose of awarding pecuniary damages, and in the absence of a proper case for equitable relief. This case is different from that. If I am correct in the views above expressed, plaintiff at the time this action was commenced had a right to appeal to this court to restrain a nuisance, and to ask damages for injuries already sustained. Since that commencement, and before the trial, defendant has voluntarily abated the nuisance, and removed any necessity for equitable relief. Plaintiff's damages, sustained before the nuisance was so abated, however, have not been paid; and there is no reason why this court should not award them to him in this case, rather than remit the parties to another litigation. To do the latter would not be in accordance with the well-settled and liberally applied principle that a court of equity, having once obtained jurisdiction of a controversy, will endeavor to settle the rights of the parties therein so far as practicable, giving such judgment as may be appropriate. Judgment is therefore ordered for the plaintiff, with costs.

Judgment for plaintiff, with costs.