(48 Misc. Rep. 153)

## LAMAY v. CITY OF FULTON.

(Supreme Court, Special Term, Oswego County. August, 1905.)

MUNICIPAL CORPORATIONS—ACTIONS—PRESENTATION OF CLAIMS.

     A municipal charter, providing that no action on any claim against the city shall be brought until 30 days after its presentation for audit and that claims for damages because of a change of grade of streets shall be presented to the board of public works, which board has power to agree with the owner upon the amount to be allowed, in default of which agreement claimant may apply for the appointment of commissioners to determine the compensation, has no application to an action for equitable relief against wrongful acts in the nature of a continuing nuisance, so that failure of the complaint in such an action to allege that the claim had been pre-

sented to the common council for audit and that 30 days had expired after its presentation before the action was commenced was not fatal.

[Ed. Note.—For cases in point, see vol. 36, Cent. Dig. Municipal Corporations, § 1562.]

James A. Warner, for plaintiff.
S. B. Mead, for defendant.

WRIGHT, J. The complaint asks for an injunction against the city of Fulton, and for damages. The nuisance sought to be enjoined as stated in the complaint, consists of so negligently and unskillfully grading and constructing First street and Fay street that large quantities of accumulated water are from time to time discharged upon the plaintiff's premises, causing great injury and damage thereto. It is alleged in the complaint that the defendant willfully and wrongfully neglected to provide proper and sufficient means for carrying away the water, and that the natural channels had been obstructed and the water diverted by the said acts of the defendant. The defendant demurs to the complaint, on the ground that it does not state that the claim therein set up as a cause of action has been presented to the common council for audit, and that 30 days have expired since the presenting of such claim for audit before the action to recover or enforce said claim was commenced.

Section 230, c. 63, p. 219, of the Laws of 1902 (the charter of the city of Fulton), provides in part as follows:

"No action or proceeding to recover or enforce any claim, debt or demand against the city shall be brought until the expiration of thirty days after the claim, debt or demand shall have been presented to common council for audit."

Subdivision 3 of section 63 of the same act is also invoked, which reads in part as follows:

"If the city has exclusive control and jurisdiction of a street or bridge therein, it may change the grade thereof. If the change of grade shall injuriously affect any building or land adjacent thereto, or the use thereof, the change of grade to the extent of the damage resulting therefrom shall be deemed the taking of such adjacent property for a public use. A person claiming damages from such change of grade must present to the board of public works a verified claim therefor, within sixty days after such change of grade is completed. The board may agree with such owner upon the amount of damages to be allowed to him. If no agreement is made, within thirty days after the presentation of the claim, the person presenting it may apply to the Supreme Court for the appointment of three commissioners to determine the compensation to which he is entitled."

This is an equity proceeding, demanding preventive relief and damages. The sections of the Fulton charter above quoted could not have been intended to bar actions on the equity side of the court for equitable relief against wrongful acts in the nature of a nuisance, which from time to time continue to injure and damage the complainant and constitute a continuing invasion of his property rights. Sammons v. City of Gloversville, 175 N. Y. 346, 67 N. E. 622; Ahrens v. City of Rochester, 97 App. Div. 480, 90 N. Y. Supp. 744. While this action comprehends a recovery of the damages already sustained, its demand

is for equitable relief. That is its main object, and the damages are purely incidental to the preventive relief which is prayed for. Sammons v. City of Gloversville, supra. Where, in an equitable action, relief is sought of a purely equitable nature, and as incident thereto an award of damages is asked, a court of equity will proceed to dispose of the whole matter, and render a judgment for damages. Eaton, Equity, 40; 16 Cyc. 110; Carpenter v. Osborn, 102 N. Y. 561, 7 N. E. 823; Moon v. National Wall-Plaster Co., 31 Misc. Rep. 631, 66 N. Y. Supp. 33.

The case of Smith v. City of New York, 88 App. Div. 606, 85 N. Y. Supp. 150, is cited by the defendant in support of the demurrer. That case was brought against the city to recover damages for personal injuries, and it was held that a notice according to the provisions of the city charter was a condition precedent to the maintenance of the action. I think that case does not apply where there is a continuing invasion of property rights, as is set forth in the complaint in the case at bar. The demurrer must be overruled, with costs.

Demurrer overruled, with costs.