214        415
32 SC ¹530

---

## Stokes, Appellant, *v.* Pennsylvania Railroad Company.

*Nuisance—Negligence—Damages.*

In an action for damages occasioned by maintenance of a nuisance, the question of negligence is not involved.

*Nuisance—Injury to lands—Definition of nuisance.*

Anything which causes hurt or damages to lands or tenements of another, or interferes with the reasonable employment of the same, is a nuisance.

*Nuisance—Injury to lands—Negligence—Railroads—Statute of limitations.*

In an action of trespass against a railroad company where the plaintiff in his statement declares that his land was injured by the negligent flow of acids from a tower house, and the testimony shows that the defendant's employees discharged the contents of vessels containing acids on plaintiff's land, and that these acts were constantly repeated, and that some of them had occurred within six years before the bringing of the suit, it is error for the court to enter a nonsuit.

In such a case the amount of damage recoverable is not an element to be considered in connection with a nonsuit; if entitled to merely nominal damages that would be enough to save the plaintiff's case from such fate.

MITCHELL, C. J., and BROWN, J., dissent.

Argued Jan. 9, 1906.   Appeal, No. 145, Jan. T., 1905, by plaintiff, from order of C. P. No. 3, Phila. Co., June T., 1901, No. 3,608, refusing to take off nonsuit in case of Samuel Stokes v. Pennsylvania Railroad Company.   Before MITCHELL, C. J., FELL, BROWN, MESTREZAT, POTTER, ELKIN and STEWART, JJ. Reversed.

Trespass to recover damages for injuries to land.   Before FINLETTER, J.

The plaintiff's statement of claim was as follows :

This is an action of trespass for the maintenance of a nuisance and damages for the injury resulting therefrom, brought by Samuel Stokes, plaintiff, against the Pennsylvania Railroad Company, defendant.

The plaintiff, on March 1, 1885, became the lessee of sixty acres of land, in the city of Philadelphia, bounded northward by Rahn street, southward by a certain building know as Barton's Paper Mills, eastward by State road, and westward by roadbed and tracks of the Pennsylvania Railroad, defendant.

That immediately after leasing the said land he, the said plaintiff, at considerable expense to himself, fertilized said ground for farming and pasturing purposes, and raised thereon, up to the time of the committing of the grievances hereinafter complained of, vegetables, grass, etc.

That during the year 1886 the defendant erected, along the western side of plaintiff's ground, a certain tower house, where certain automatic signals are operated and through the negligence and carelessness of the defendant, and its servants, certain vitriol, acids and other deleterious matter has been permitted to flow from said tower house into and upon the ground of the said plaintiff.   That said vitriol, acids and other deleterious matter is, and has been since the erection of the said tower house, by the negligence and carelessness of the defendant and its servants, allowed to flow upon plaintiff's land and to percolate and drain in the soil and ground of the plaintiff, whereby ten acres of said land has, for the period of six years

last past, been rendered absolutely worthless for pasture or the raising of produce.

The plaintiff further says, that by reason of the defendant's wantonly and willfully allowing vitriol, acids and other deleterious matter to flow upon his ground from certain holders or wells erected and maintained by the said defendant along the bed of its said road, the said ground of the plaintiff has for a like period been rendered absolutely worthless to the plaintiff.

The plaintiff further says that before becoming acquainted with the fact that the defendant had, through its wanton and willful negligence allowed said vitriol, etc., to flow upon his ground, placed thereon for pasture and other purposes, cattle of the value of $3,825, which became poisoned and subsequently died as the result of eating the grass upon the soil in which said acids, etc., had percolated, and from drinking acids, etc., thereon.

That by reason of the aforesaid premises the plaintiff has been compelled to suffer loss by reason of his not being able to use said ground for farming and pasturing purposes, and in addition thereto has been compelled, in order to retain possession of certain other ground adjoining the aforesaid ten acres, and which is part of the same tract, to pay a rental of $100, though the same has been useless to him, as aforesaid.

And the plaintiff further says that by reason of the aforesaid conduct of the defendant he has, during the six years last past, suffered damages to the amount of $20,000 at least, to recover which he has brought this, his suit.

The facts developed by the testimony are stated in the opinion of the Supreme Court.

The court in entering a nonsuit said:

"This is substantially a claim for damages for real estate and personal property. The allegation is that the injuries to the plaintiff arose from the negligence of the defendant. I do not see any evidence in this case to show that the defendants were negligent in the exercise of their right to operate their tower. I must, for several reasons, enter a nonsuit in this case."

*Error assigned* was refusal to take off nonsuit.

*Robert B. Kelley*, for appellant.—As this was an action for damages arising out of a nuisance, the plaintiff was not under any necessity to show negligence: Pottstown Gas Co. v. Murphy, 39 Pa. 257; Hauck v. Tidewater Pipe Line Co., 153 Pa. 366; Rogers v. Traction Co., 182 Pa. 473; Tuckachinsky v. Coal Co., 199 Pa. 515; Sparhawk v. Union Pass. Ry. Co., 54 Pa. 401.

*John Hampton Barnes*, for appellee.—The appellant failed to show that the damage of which he complained, occurred within six years of the issuance of the writ. This alone was fatal to his case: Owen v. Western Saving Fund, 97 Pa. 47; Binney's Appeal, 116 Pa. 169; Lehigh Coal & Navigation Co. v. Blakeslee, 189 Pa. 13.

The appellant could not recover for the rental value of the premises if the injury was a continuing one, because he voluntarily remained on the premises after the damage commenced.

OPINION BY MR. JUSTICE STEWART, March 19, 1906:

The action here was trespass, and the complaint as set out in the statement was, that the defendant and its servants had negligently permitted vitriol, acids and other deleterious matter to flow from the tower house upon the line of defendant's roadway, used for operating automatic signals, and from certain holders and wells along said roadway, over and upon the adjacent land of the plaintiff, thereby poisoning the herbage growing thereon, and causing the death of certain of plaintiff's horses and cattle, and greatly damaging said land for agricultural purposes. It was complained that this condition of things thus created and maintained by defendant was a nuisance. On the trial of the case, little account seems to have been taken of the specific averments in the statement, and the difference between the allegata and the probata is rather marked. There was not a word of testimony in support of the averment that defendant had any holders or wells along the line of its roadway, or that there had been a flow of any kind from its tower house upon the land of plaintiff. The plaintiff testified that he had seen persons whose employment was in or about the tower house, discharging the contents of large jars or vessels,

each containing as much as two gallons of material used in connection with the batteries employed in the tower house upon his land; that sometimes the jars were carried over upon his land and there discharged, that sometimes they were discharged across the fence, and at other times he had seen the same material as that contained in the jars swept under the fence and over upon his land; that the acts thus complained of were being constantly repeated against his protestations, and that it had been habitual up to the bringing of this action. One other witness testified that he had frequently seen these persons emptying the vessels upon defendant's land. No objection was offered to this testimony on the ground of variance, and it was therefore in the case for what it was worth. It was followed by evidence as to the extent of the loss and injuries sustained in consequence. Maintenance of a nuisance was what was complained of in plaintiff's statement. The learned trial judge in directing a nonsuit at the close of plaintiff's case, used this language: "This is substantially a claim for damages on real estate and personal property. The allegation is that the injuries to the plaintiff arose from negligence of the defendant. I do not see any evidence in this case to show that the defendants were negligent in the exercise of their right to operate their tower." This was manifestly a misapprehension of the issue being tried. True, the statement filed in this case averred that the acts complained of had been done negligently, but this did not make negligence a material question; the action being for damages occasioned by maintenance of a nuisance, the question of negligence was not involved. The Pottstown Gas Co. v. Murphy, 39 Pa. 257; Hauck v. Tidewater Pipe Line Co., 153 Pa. 366. The questions in the case were, first, were the continuous hurtful acts complained of committed? and, second, if so, to what extent did they injure plaintiff's property with respect to its reasonable use? The learned trial judge having expressed himself as above, concluded with these words: "I must for several reasons enter a nonsuit in this case." The only reason for the nonsuit specified was the one we have referred to; the others were not discussed upon the argument, nor have we been able from an examination of the case to discover them. In view of the nature of the action and the statement filed, the reason expressed was wholly inadequate.

That the acts testified to, if committed, would constitute a nuisance, requires no discussion. Anything which causes hurt, or damage to the lands or tenements of another, or interferes with the reasonable enjoyment of the same is a nuisance. It was suggested, and indeed urged, upon the argument that the evidence failed to establish loss or damage to the plaintiff' within the statutory period prior to the bringing of the action, and that this justified the nonsuit. But the facts will not support this contention. The plaintiff's claim of loss was made up of many items. True, the evidence did not show with sufficient clearness to warrant a finding, that the most serious loss claimed for was sustained within this period ; but the evidence as to the discharge of the deleterious matter upon plaintiff's land within this period to the injury of the herbage and the land itself, was both full and explicit. The amount of damage recoverable is not an element to be considered in connection with a nuisance ; if entitled to merely nominal damages that would be enough to save the plaintiff's case from such fate. Whether the plaintiff was entitled to a verdict for any amount was for the jury to say under proper instructions from the court. All we now decide is, that the reason assigned for the nonsuit was inadequate, and no sufficient reason therefor has been called to our attention. From all that has been made to appear, the plaintiff was entitled to have the jury pass upon the question of his injury and defendant's liability therefor.

The exception to this action on the part of the court is sustained, and the judgment is reversed with a venire facias de novo.

MITCHELL, C. J., and BROWN, J., dissent.