J. W. Bowman, Appellee, v. J. L. Humphrey, Jr., Appellant.

**Nuisance:** contributory wrong of plaintiff. The doctrine of contributory negligence is not applicable to an action to recover for a nuisance, but in such cases each party is chargeable with the consequences of his own conduct.

**Same:** instruction: apportionment of damages. An instruction in an action for nuisance, that plaintiff could not recover if he

contributed in any material degree to the nuisance, while not the law, is held to have been without prejudice to the defendant, since the finding for plaintiff under the instruction was equivalent to a finding that he did not contribute to the injury; and there was no occasion for apportioning the damages.

*Appeal from Wayne District Court.*— Hon. H. M. Towner, Judge.

Thursday, November 15, 1906.

Action at law to recover damages for an alleged nuisance. Verdict and judgment for plaintiff, and defendant appeals. *Affirmed.*

*Miller & Steele* and *Freeland & Carter,* for appellant.

*Livingston & Son,* for appellee.

Weaver, J.— Defendant owns and operates a creamery in Wayne county, Iowa, and this action is based upon the claim that he, by his employés and servants, casts the filthy refuse matter from said creamery into a running stream which passes from his premises to those of the plaintiff, and thereby has so befouled and corrupted the waters as to poison the same and cause noxious and offensive odors to arise therefrom to the injury of plaintiff and his family. Defendant answers alleging that he has conducted his creamery according to the most modern and best approved methods, and kept the same in a cleanly condition. He further alleges that the real source of the corruption of the water is the act of the neighboring town of Humeston, and of a certain railway company, both being farther up the stream, and both it is alleged draining unclean substances therein. He also charges that plaintiff himself deposited dead animals and other unclean substances on his land in such manner as to cause or contribute to the fouling of the stream. Upon trial to a jury, there was a verdict and judgment for plaintiff for

$100 and defendant appeals. The case has been once before in this court (see 124 Iowa, 744) when a new trial was ordered. On the second trial, the district court instructed the jury that if plaintiff, by his own wrongful acts in leaving the carcasses from dead animals where they would drain into the stream, contributed " in any material degree " to the corruption of the water then he could not recover damages.

I.   The defendant makes the point that if plaintiff contributed in any degree whatever to the injury of which he complains, he is not entitled to recover, and therefore the instruction that to defeat such recovery on this ground his own act must have contributed to the injury " in a material degree " was erroneous.   If the doctrine of contributory negligence is applicable to this class of cases, it will have to be conceded that, under the rule recognized by this court in *Root v. Railroad Co.*, 122 Iowa, 473, the instruction cannot be sustained.   It must be noted; however, that, in legal effect, the petition charges the defendant with creating and maintaining a nuisance, and the question now presented is whether, upon trial of a claim of this kind, the defendant may invoke the rule of law upon which the appellant herein relies.   This question has been directly or indirectly involved in several cases which have been before this court, and the decisions have not been in all respects harmonious.   See *Randolf v. Bloomfield,* 77 Iowa, 50; *Correll v. Cedar Rapids,* 110 Iowa, 333; *Ferguson v. Firmenich,* 77 Iowa, 576.   In view of this situation we have, with considerable thoroughness, re-examined the available authorities, and reach the conclusion that the doctrine of contributory negligence has no proper application to an action to recover damages for a nuisance.   Nuisance is a condition, and not an act or failure to act on part of the person responsible for the condition.   If the wrongful condition exists, and the person charged therewith is responsible for its existence, he is liable for the resulting damages to

1. NUISANCE: contributory wrong of plaintiff.

others, though he may have used the highest possible degree
of care to prevent or minimize the deleterious effects.   Nor
is it any answer to say that a creamery, or tannery, or indus-
trial plant of any kind is a perfectly legitimate enterprise,
or one of great and general convenience and benefit, for if it
be of such a nature, or be so conducted, that it substantially
pollutes or destroys the usefulness and value of the water
to the proprietors of the lower lands, it is a nuisance for
which action will lie, though the utmost care has been taken
to avoid all just cause of complaint.   Sutherland's damages
(4th Ed.) section 1035; *Pach v. Geoffroy,* 67 Hun. 401 (22
N. Y. Supp. 275); *Aldrich v. Howard,* 8 R. I. 246; *Pen-
noyer v. Allen,* 56 Wis. 502 (14 N. W. 609, 43 Am. Rep.
728); *Laflin v. Tearney,* 131 Ill. 322 (23 N. E. 389, 7 L.
R. A. 262, 19 Am. St. Rep. 34); *Ducktown, etc., Co. v.
Barnes* (Tenn.) 60 S. W. 593; *Bohan v. Gas Light
Co.,* 122 N. Y. 18 (25 N. E. 246, 9 L. R. A. 711); *Dygert
v. Schenck,* 23 Wend. [N. Y.] 446 (35 Am. Dec. 575);
*Jutte v. Hughes,* 67 N. Y. 267; *Hauck v. Tidewater Co.,*
153 Pa. 366 (26 Atl. 644, 20 L. R. A. 642, 34 Am. St. Rep.
710); *Susquehanna F. Co. v. Malone,* 73 Md. 268 (20 Atl.
900, 9 L. R. A. 737; 25 Am. St. Rep. 595); *Stokes v. Rail-
road Co.* (Pa.) 63 Atl. 1028.   True, a nuisance may
arise, or be created either by a positive wrongful act, or
by the neglect of some duty of prevention.   The negli-
gence, if any, may usually be proved, not as being itself
essential to the right of recovery, but for the purpose of
fixing the responsibility for the existence of the condi-
tion which constitutes the cause of complaint.   So, too,
the defendant may prove if he can that the plaintiff, by
his own negligence, or by his own willful wrong, brought
about in whole or in part the injury for which he seeks dam-
ages, but this is not because of the application of the doctrine
of contributory negligence, but because it is always compe-
tent for a defendant to show that the act or wrong with
which he is charged is in fact properly chargeable to plaintiff

himself or to another for whose conduct he is not responsible. In other words, a plaintiff in such an action is subject to the general rule that no person is entitled to recover from another, for damages which have been occasioned by his own act or his own neglect.   But where the right to recover damages does not depend upon the establishment of negligence in the defendant, the plaintiff's negligence will not defeat his recovery if defendant's wrong has operated to increase or aggravate his damages.   Stated otherwise, and as applied to this case, if the defendant created a nuisance upon plaintiff's premises by fouling the waters of the stream, the fact that plaintiff had also, by his own separate and independant act, cast foul or unwholesome material into the same stream during the same period would not defeat his right of recovery for so much of the resulting damage as was fairly attributable to the defendant's wrong.   *Gould v. McKenna,* 86 Pa. 297 (27 Am. Rep. 705) ; *Underwood v. Waldron,* 33 Mich. 232 ; *Robinson v. Baugh,* 31 Mich. 290 ; *Railroad Co. v. Smith,* 64 Fed. 679 (12 C. C. A. 384, 27 L. R. A. 131) ; *Thomas v. Kenyon,* 1 Daly (N. Y.) 132 ; *New Albany v. Slider,* 21 Ind. App. 392 (52 N. E. 626;) *Railroad Co. v. Hamilton,* 100 Ala. 252 (14 South. 167, 46 Am. St. Rep. 48) ; *Satterfield v. Rowan,* 83 Ga. 187 (9 S. E. 677); *Smithwick v. Hall,* 59 Conn. 261 (21 Atl. 924, 12 L. R. A. 279, 21 Am. St. Rep. 104) ; *Dodd. v. Holme,* 1 Ad. & El. 493 ; *Randolf v. Bloomfield,* 77 Iowa, 50 ; *Correll v. Cedar Rapids,* 110 Iowa, 333.

That the doctrine of contributory negligence does not apply where nuisance is charged is illustrated in cases where the complainant has purchased property or perhaps, has established his residence in the immediate vicinity of an already existing nuisance.   This, it is generally held, he has a right to do, and his imprudence or negligence in thus moving into the sphere of the injurious effects of the nuisance will not serve to avoid his claim for damages.   *People v. Lead Works,* 82 Mich. 471 (46 N. W. 735, 9 L. R. A. 722) ;

*Bushnell v. Robeson,* 62 Iowa, 540; 21 A. M. & Eng. Enc. Law (2d Ed.) 691. Even where negligence is alleged in an action for damages on account of nuisance, it is not necessary to prove it. *Stokes v. Railroad Co.,* 214 Pa. 415 (63 Atl. 1028). Indeed, even where negligence of the defendant is charged as the basis of plaintiff's claim, contributory negligence is not predicable of an act or omission of the plaintiff the only effect of which is to increase or aggravate the injury arising from the defendant's negligence. In other words, if wholly independent of plaintiff's act or omission, the effect of defendant's act or omission is to injure the plaintiff, the latter may recover for such injury. It may, sometimes, be difficult to separate and apportion the damages chargeable to the defendant, but that difficulty goes simply to the amount and not to the right of recovery. As said by the court in *Railroad Co. v. Smith,* 64 Fed. 679 (12 C. C. A. 384, 27 L. R. A. 131), " in such cases each party is chargeable with the consequences of his own conduct. See, also, *Gould v. McKenna,* 86 Pa. 297 (86 Am. Rep. 705); *Smithwick v. Hall,* 59 Conn. 261 (21 Atl. 924, 12 L. R. A. 279, 21 Am. St. Rep. 104).

A careful reading of the instruction given by the trial court in this case seems to indicate an intention to direct the jury with reference to plaintiff's " contributory wrong " as distinguished from " contributory negligence," and, for this distinction, there is to be found apparent support in Ferguson v. Firmenich, *supra,* decided by this court. In that case, under circumstances very similar to those in the case at bar, it was shown that the defendant polluted the stream by the discharge of refuse matter from its glucose works, and there was also evidence tending to show that plaintiff, owning the land below those works, also maintained a slaughter house from which other offensive material drained into the same stream. In the course of the opinion, it is said: ." It is insisted by the appellee that he is entitled to recover if a wrong has been proven notwithstanding the fact

that he may have contributed to it. We do not think the position is well taken. If plaintiff contributed to the wrong, he and defendant were joint wrongdoers. In law the act of each was the act of both. There is no contribution among tort-feasors who have all knowingly committed a wrong, and the damage is not severable or apportionable between them." Now, while the doctrine here stated is undoubtedly correct as applied to an appropriate state of facts, it is not difficult to see that it is misapplied under circumstances such as are here presented. Joint liability of wrongdoers, each for all and all for each, exists only where the wrong itself is joint. If the separate wrongful acts of two or more persons, acting independently without concert, plan, or agreement, unite to cause injury to another, such persons are not joint wrongdoers within the meaning of the law, and each is liable to the injured party for only so much of said injury as is chargeable to his own separate individual act. *Bonte v. Postel* 109 Ky. 64 (58 S. W. 536, 51 L. R. A. 187); *Sparkman v. Swift,* 81 Ala. 231 (8 South. 160); *Bard v. Yohn,* 26 Pa. 482; *La France v. Krayer,* 42 Iowa, 143; *Harley v. Merrill,* 83 Iowa, 79; *De Donato v. Morrison,* 160 Mo. 581 (61 S. W. 641); *Little Schuylkill Navigation R. & Coal Co. v. Richards,* 57 Pa. 142 (98 Am. Dec. 209); *Wiest v. Electric Traction Co.,* 200 Pa. 148 (49 Atl. 891, 58 L. R. A. 666); *Lull v. Improvement Co.,* 19 Wis. 101. As suggested by the Pennsylvania court, if the tort of the parties was several when committed it did not become joint because of the union of the consequences of the several torts in producing an injury. Wiest v. Electric Traction Co., *supra;* Gallagher *v. Kemmerer,* 144 Pa. 509 (22 Atl. 970, 27 Am. St. Rep. 673).

The defendant's wrong, if any, in the present case, as well as in the Ferguson case, consisted in his own separate and independent act in fouling the water, and causing it to pass to the plaintiff's premises in a polluted condition. In that wrong there is no pretense that plaintiff united in

any manner directly or indirectly.    So, also, if the plaintiff added pollution to the stream by depositing the carcasses of dead animals upon its banks it was his own independent act, and defendant was in no manner or degree liable to him, or to any one else, for the injurious consequences of the act.    Indeed, the act of the plaintiff, in depositing the dead carcasses near the stream and the fouling of the water thereby, was not in itself any wrong in the legal sense of the term.    He may be content to live in a home rendered in some degree unpleasant and unhealthful by his own fault, and permit his live stock to drink from a stream which he has rendered to some degree impure, but so long as he does not create a nuisance to the injury of his neighbors, he does no legal wrong, and his inefficiency in the care of his premises has no effect to justify an upper proprietor in converting the stream into a sewer to his injury, or otherwise add to the unwholesomeness or unhealthfulness of his premises. All these conditions for which he is responsible may be relevant and competent matters to be shown as affecting the amount of his damages, but, as we have already remarked, they do not go to his right of recovery.    Such is the clear effect of our decision in Randolf v. Bloomfield, *supra,* and of nearly all of the precedents we have cited from other States.    With scarcely a discordant voice the authorities agree in the proposition, which we have affirmed, that liability for nuisance does not depend upon the question of the defendant's negligence.    If such liability does not turn upon the question of defendant's negligence, there can be no such thing as contributory negligence on the part of the plaintiff.    Beach on Contributory Neg. section 7.    *Ruter v. Foy,* 46 Iowa, 132.

So, also, if the plaintiff had no part or agency in the fouling of the stream by the defendant, and if plaintiff's own act in fouling said stream did not amount to a legal wrong against any other person (and both hypotheses are sustained by the record), then it is legally impossible to

treat the parties as joint wrongdoers, or visit upon them the consequences attaching to a joint wrong. It follows from these conclusions that the decision in Ferguson v. Firmenich so far as it gives color to the proposition that the law of contributory negligence applies to an action for damages on account of nuisance must be considered as overruled. We must also hold that the law as to joint wrongdoers has no application in such a case where the parties have acted independently without concert or agreement, or where the act of the plaintiff does not amount to a violation of a legal duty which he owes to others.

From the rule approved in this opinion there have been noted by the courts at least two recognized exceptions, which to avoid any misconception we briefly mention, without stopping to consider the reasons on which they are based. First, where public works or improvements are authorized by law, and do not encroach directly upon private property, they cannot be treated or proceeded against as nuisances, nor will their existence be a good ground for the recovery of damages as for a nuisance except upon allegation and proof of negligence in their construction or operation. Second, where an alleged nuisance is the result of the development by the owner of his own land in the production and utilization of its natural resources, such as coal, iron, gas, oil, and other forms of mineral wealth, the charge can be sustained only when it is shown that such owner has failed to exercise due care to so conduct his business as to avoid the injurious results complained of. *Hauck v. Pipe Line,* 153 Pa. 366 (26 Atl. 644, 20 L. R. A. 642, 34 Am. St. Rep. 710); *Transportation Co. v. Chicago,* 99 U. S. 635 (25 L. Ed. 336). Whether these exceptions are not themselves subject to limitations and qualifications under some circumstances, we need not here consider.

II. Although the instruction given by the trial court was not in harmony with the views expressed in the preceding paragraph it is apparent that the defendant suffered no

injury therefrom.   The jury were told that, if the plaintiff
contributed in any material degree to the in-
jury for which damages were demanded, he
was not entitled to recover anything.   We

**2.** SAME: in-
struction:
apportionment
of damages.

must assume that the jury did its duty, and observed the rule
thus laid down.   The finding of damages in plaintiff's favor
was therefore equivalent to a special finding that he did not
contribute to such injury, and hence there could be no occa-
sion for apportioning the damages.   There was sufficient
evidence to sustain the verdict.   We have examined the
points and the briefs presented by counsel, and find no error
calling for further consideration.

The judgment of the district court is therefore *affirmed.*