## CITY OF WEATHERFORD v. LUTON et al.

No. 29998.   Oct. 7, 1941.

*117 P. 2d 765.*

Walter S. Mills, of Clinton, and Eugene Forbes, of Weatherford, for plaintiff in error.

Meacham, Meacham & Meacham, of Clinton, for defendants in error.

PER CURIAM. Defendant in error, hereinafter referred to as plaintiff, commenced this action to recover damages against the plaintiff in error, hereinafter referred to as defendant, for creating a nuisance by allowing its septic tanks to become clogged, thus emitting a foul odor obnoxious to plaintiff which decreased the value of his real property. The court overruled the defendant's demurrer to the evidence and submitted the question of damages to the jury, after which a verdict of $750 was returned for the plaintiff. Judgment was entered thereon by the trial court, after which a motion for new trial was filed and overruled. The defendant seeks to reverse said judgment and presents eleven allegations of error, which are argued in the brief in three different propositions.

The record substantially discloses that the plaintiff owned and operated a filling station and tourist camp located not far from the septic tanks of defendant; that defendant allowed its septic tanks to become clogged, and from this condition foul odors permeated the atmosphere surrounding plaintiff's property. The sufficiency of the evidence is not raised or presented, although a demurrer to the evidence was overruled. The chief defense of the city was that the plaintiff himself had built two cesspools near his premises and that the odors from these cesspools at least contributed to the foul odors. It is first argued that the court erred in allowing the plaintiff to withdraw his announcement that he rested and thereafter permitting him to introduce additional testimony. Nowhere does this fact appear in the record, although the plaintiff appears to admit that it was done. No exceptions were saved to this proceeding at any time. It is sufficient to state that it was the duty of the defendant to except or it cannot complain on appeal. See Gaines v. Gaines Bros. Co., 176

Okla. 583, 56 P. 2d 863. As to the general rule on such procedure, see Railway Express Agency v. Stephens, 183 Okla. 615, 83 P. 2d 858, and State Bank v. Kiser, 46 Okla. 180, 148 P. 685, in which it was held that a request to reopen a case for the introduction of additional evidence is addressed largely to the sound discretion of the trial court, and its ruling thereon will not be disturbed by this court unless it clearly appears that the trial court abused its discretion. We find no error in the action of the court in this respect.

It is next contended that the court erred in instructing the jury that if the defendant sought to mitigate the damages, then the burden of proof as to mitigation was on the defendant. This has been declared to be the law generally in an action for damages. See Bowman v. Humphrey, 132 Iowa, 234, 109 N. W. 714; 15 Am. Jur. Damages, § 329, 46 C. J. Nuisances, § 445, p. 805. In 15 Am. Jur., supra, it is stated:

"Where, however, the defendant asserts matters in reduction or mitigation of the plaintiff's claim or matters which defeat in part the damages claimed, the burden of proving such facts is upon the defendant."

Finally, it is argued that the trial court erred in refusing an instruction on contributory negligence. There are two reasons why it was not error to refuse this instruction. First, the amended answer alleged that the defendant did not cause the damages to the plaintiff's real property by the construction and operation of its septic tanks, but that the plaintiff himself caused the damage by the erection and operation of his own cesspools. This is not a plea of contributory negligence. Colonial Refining Co. v. Lathrop, 64 Okla. 47, 166 P. 747; Enid City Ry. Co. v. Webber, 32 Okla. 180, 121 P. 235. There is a stronger reason why, in the case at bar, the court did not err in refusing the instruction of contributory negligence. The liability does not depend upon negligence (43 C. J., Municipal Corporations, § 1734; Oklahoma City v. Tytenicz, 171 Okla. 519, 43 P. 2d 747); nei-

ther would a contribution to the damages be contributory negligence. Bowman v. Humphrey, supra. In Oklahoma City v. Tytenicz, supra, it is stated:

"Where a municipal corporation creates or permits a nuisance by nonfeasance or misfeasance, it is guilty of tort, and is liable in damages to any person suffering special injury therefrom, irrespective of the question of negligence."

In Bowman v. Humphrey, supra, it is stated:

"Where the owner of a creamery maintains a nuisance in that he deposits refuse in a running stream so that the waters are polluted as they pass the lower riparian owner, the fact that the lower owner had also. by his own independent act, cast foul or unwholesome material into the same stream during the same period, would not defeat his right to recover for so much of the damage as was fairly attributable to the wrong of the owner of the creamery, the doctrine of contributory negligence not being applicable to an action to recover for a nuisance."

Therefore, it was not error to refuse the requested instruction on contributory negligence.

Finding no error which would warrant a reversal of the judgment of the trial court, the same is affirmed.

CORN, V. C. J., and RILEY, BAYLESS, HURST, and ARNOLD, JJ., concur.