## Board v. The Bell Telephone Company of Pennsylvania

*James P. Coho*, for motion.

*Bernard J. Myers, Jr.* and *Pepper, Hamilton & Scheetz*, contra.

JOHNSTONE, J., March 31, 1967.—The trial of this action in assumpsit ended by the court's granting a compulsory nonsuit on defendants' motion at the close of plaintiff's case. Argument on plaintiff's motion to

strike off. the compulsory nonsuit has been heard by the court sitting en banc.

In disposing of plaintiff's motion, we will consider the testimony in the light most favorable to him, and he will be given the benefit of every reasonable inference and deduction, and all doubts will be resolved in his favor: Szukics v. Ruch, 367 Pa. 646, 649; Auel v. White, 389 Pa. 208, 210.

The basis for plaintiff's claim for loss of profits and for punitive damages is the alleged breach on the part of defendants of a contract dated July 18, 1960. This contract provided for the advertising of plaintiff's business of selling and servicing Wisconsin Air Cooled Engines in the Yellow Pages of the telephone directory for the year beginning October 1, 1960, under a trade-mark heading, "open-controlled". Plaintiff testified that he had the right under the contract to control the listing of any other dealer under the same heading and that contrary to his directions, defendants listed another dealer along with plaintiff for the year 1960.

Plaintiff advertised in the Yellow Pages in years prior to, and subsequent to, 1960, but 1960 was the only year that his name did not appear alone under the designated heading. This was the only advertising medium used by plaintiff.

The loss of profits claimed by plaintiff was based on a reduction in dollar purchases of Wisconsin products during the year beginning October 1, 1960, from the distributor of said products. According to plaintiff's calculation, he purchased from the distributor $2,-128.95 fewer engines and parts in dollar value that year, and with his discount of 45 percent, he suffered a loss of $1,605.87. Plaintiff also claimed a similar loss when he used his sales figures. However, when 45 percent of the difference in purchases for 1960 is

taken, an answer of $1,605.87 is not obtained, and the same situation is true as to sales.

Plaintiff also testified he lost service customers, but he did not know how many such customers he lost. Plaintiff did not keep service income separately from sales on his records and could not give an estimate of the volume of service income lost during the year beginning October 1, 1960. He explained the decided drop in sales from the years 1958-59 to 1959-60 as a result of a depression, which he later stated was only a figure of speech. He explained that the further decided drop in sales for 1960-61 was caused solely by the inclusion of another dealer in the 1960 directory.

Plaintiff asserts that it was improper for the court to enter a compulsory nonsuit, since "the amount of damage recoverable is not an element to be considered in connection with a nonsuit" and cites Stokes v. Pennsylvania Railroad Company, 214 Pa. 415. That case involved a continuing trespass by defendant on plaintiff's land, and the court held that if plaintiff was entitled to only nominal damages, the trial court should have submitted the case to the jury. The present case is clearly distinguishable on the ground that the plaintiff is not entitled to recover until he has presented testimony upon which the jury could allow him damages.

The measure of damages recoverable for a breach of contract is well established and was clearly stated in Taylor v. Kaufhold, 368 Pa. 538, at page 546: *"Where one party to a contract, without any legal justification, breaches the contract, the other party is entitled to recover, unless the contract provides otherwise, whatever damages he suffered, provided (1) they were such as would naturally and ordinarily result from the breach, or (2) they were reasonably foreseeable and within the contemplation of the parties at the time they made the contract, and (3) they*

*can be proved with reasonable certainty:* (citing cases)". These same principles were repeated in Keystone Diesel Engine Company, Inc. v. Irwin, 411 Pa. 222, at page 224.

While loss of profits need not be proved with mathematical exactness, they must, however, be proved with reasonable certainty, and the jury may not be permitted to arrive at a verdict by guess or conjecture. In the present case, plaintiff's calculation of his loss is not even mathematically accurate, nor does it make allowance for the cost of overhead or any other business expenses. According to plaintiff's own expert witness, the amount of purchases is not the proper way to determine profit or loss. Large purchases may have been made shortly before the beginning and shortly after the end of the fiscal year in question. If so, the purchases made during the fiscal year in question would not accurately reflect the business actually done.

Plaintiff had no way of knowing how many service customers he lost nor the volume of service business lost. There was no credible evidence produced that the contract breach by defendants was the sole or major cause in plaintiff's loss except plaintiff's own bald statement to that effect. There was nothing offered in the way of evidence from which the jury could have, with reasonable certainty, determined how much plaintiff lost and that his loss was occasioned by defendants.

A further and equally binding reason why this case should not have been submitted to the jury is that the record is devoid of any testimony that loss of profits was within the contemplation of the parties at the time they made the contract. In fact, the only testimony is to the contrary. The contract specifically provides:

"5. The Telephone Company assumes no liability for errors in or omissions of the advertising or listings provided herein". In the absence of an understanding at the time the contract was made that loss of profits was contemplated by the parties, plaintiff has no right to recover for such a loss: Macchia v. Megow, 355 Pa. 565.

We do not need to decide, as contended by defendants, that the exculpatory clause in the contract is an absolute bar to plaintiff's action. For present purposes, the clause in question is sufficient to negate any understanding that the parties contemplated loss of profits at the time they entered into the contract.

Punitive or exemplary damages, which plaintiff claimed but for which no supporting testimony was offered, are not recoverable in an assumpsit action for breach of contract: Hobensack v. McLean, 86 D. & C. 482, 494; Skeels v. Universal C.I.T. Credit Corporation, 335 F. 2d 846, 852; Feist v. Plymouth Mutual Life Ins. Co., 48 Luz. 296, 298.

And now, March 31, 1967, plaintiff's motion to strike off the compulsory nonsuit is denied.