EDWARD SMITHWICK *vs.* THE HALL & UPSON COMPANY.

New Haven and Fairfield Cos., April T., 1890. ANDREWS, C. J., CARPENTER, LOOMIS, SEYMOUR and TORRANCE, Js.

The plaintiff was a workman of the defendant company and was helping to store ice in a brick building. He was stationed·for this purpose on a narrow platform fifteen feet above the ground, close by the door into which the ice was passed. At this place the platform was protected by a railing and he was directed by the foreman and warned by a fellow-workman not to stand upon the platform at a place where there was no railing, on account of the risk of falling especially as it would become slippery with fragments of the ice. He however stood at a place not protected by the railing, and while standing there the brick wall, through the negligence of the defendant company, fell over upon him and knocked him off the platform and seriously injured him. In a suit for damages for the injury it was held that the plaintiff's negligence in placing himself in a dangerous position could not be regarded as contributing to the actual injury, as that was from a danger that he had not been warned against and had no reason to apprehend.

Negligence presupposes a duty of taking care, and this presupposes knowledge or its legal equivalent.

And the negligent act or omission must operate as a proximate cause, or one of the proximate causes, and not merely as a condition.

It must contribute to the happening of the event which caused the injury. An act or omission which merely increases or adds to the extent of the loss or injury, will not have that effect, though it may affect the amount of damages recovered.

[Argued April 18th—decided July 10th, 1890.]

ACTION for an injury to the plaintiff caused by the negligence of the defendant company; brought to the District Court of Waterbury, and, by appeal from that court, to the Superior Court in New Haven County. The defendant

suffered a default in that court and the case was heard in damages before *Fenn, J.* Facts found and damages assessed at one thousand dollars if on the facts the plaintiff was to be regarded as not guilty of contributory negligence, and at nominal damages if he was to be regarded as guilty of such negligence; and the case was reserved upon the facts for the advice of this court. The facts are fully stated in the opinion.

*J. O'Neill,* with whom was *G. H. Cowell,* for the plaintiff.

1. The duty which was cast upon the plaintiff was to use ordinary care to avoid the accident. This duty the law required him to perform. What this duty was is a question of law. Whether he performed this duty was a question of fact. The court has not found as a fact that the plaintiff did not use ordinary diligence or reasonable care to avoid the accident. *Nolan* v. *N. York, N. Haven & Hartford R. R. Co.,* 53 Conn., 461. Negligence is a question of fact, not of law; and it cannot be made a question of law by reciting the evidence. *Beers* v. *Housatonic R. R. Co.,* 19 Conn., 566; *Park* v. *O'Brien,* 23 id., 339; *Brennan* v. *Fair Haven & Westville R. R. Co.,* 45 id., 284; *Fiske* v. *Forsyth Dyeing Co.,* 57 id., 118. It is not proper to direct the jury what specific acts constitute negligence. *Dexter* v. *McCready,* 54 Conn., 171; 8 Am. State Rep., 849, note.

2. The plaintiff assumed all of the ordinary risks incident to his employment. If he had slipped off or fallen from the platform he probably would not have been allowed to recover. This was an obvious risk. He could see and appreciate this risk. The peril from overhead, however, he could not see and did not appreciate, and he was in no fault for not knowing this.

3. Though the plaintiff was in a measure negligent, yet if his negligence was not the proximate cause of his injury he is not barred. *Isbell* v. *N. York & N. Haven R. R. Co.,* 27 Conn., 392. He must by his own act have brought the injury upon himself. Wood's Master & Servant, § 638. If the act of the defendant was the proximate cause, and was

such as a man of ordinary prudence would not have anticipated, the plaintiff cannot be charged with that degree of contributory negligence which excuses the negligence of the defendant, even though the plaintiff's act in view of the circumstances was in a measure negligent. Ib. See also *Fraler* v. *Sears Water Co.*, 12 Cal., 555 ; *McKeon* v. *Citizens' R. R. Co.*, 42 Misso., 79; *Macon & Western R. R. Co.* v. *Winn*, 26 Geo., 250. The fact that he was a trespasser, unless his trespass involves negligence contributing substantially to the injury, will not be a bar. *Daley* v. *Norwich & Worcester R. R. Co.*, 26 Conn., 591. A servant was out of place contrary to rules, and in consequence of this alone he was in a position to be injured. Defective machinery gave way and the servant was injured. Held not contributory negligence. *Whitelaw* v. *Pollock*, Hay, 112, cited in Shearm. & Redf. on Negligence, § 28, note 2. A passenger was in the baggage car contrary to rules and knew his position was more dangerous for being there. He was injured, though he would not have been if he had been in his seat. The company was held liable. *Carroll* v. *N. York & N. Haven R. R. Co.*, 1 Duer, 571. It is not negligence, *per se*, to stand on a platform of a moving car. *Nolan* v. *Brooklyn R. R. Co.*, 87 N. York, 63 ; *Werle* v. *Long Island R. R. Co.*, 98 id., 650. It is not necessarily negligent for a passenger on a ferry boat to stand near the bow when the boat is landing. *Peverly* v. *City of Boston*, 136 Mass., 366 ; *Gannon* v. *Union Ferry Co.*, 29 Hun, 631; *Hawks* v. *Winans*, 74 N. York, 609. It is not necessarily negligent for a passenger to leave his seat before the train stops. *Wylde* v. *Northern R. R. Co.*, 53 N. York, 156. Because the plaintiff is willing to take some risks, this will not necessarily excuse the defendant's negligence. *Harris* v. *Clinton*, 64 Mich., 447.

*G. E. Terry*, for the defendants.

1. The question in this case is, was the plaintiff guilty of such negligence as contributed materially to his injury. If he was, he is entitled to recover only the nominal damages. If he was not so negligent, he is entitled to recover

the full damages, assessed at $1,000. The foreman of the defendant company realized the dangerous position of a man standing on the end of the platform, with only two feet of space on which to stand, beyond the slide or shute. He directed where the plaintiff should stand and what he should do. The plaintiff saw fit, after being cautioned, to change his position and assume the risk of a more dangerous place, and passed over to the other side. On that side, (there being no rail,) he was in constant danger of falling off, even without outside causes, and having so chosen his position, he suffered injury. His injury was thus the direct result of his own negligence in assuming a risk not required of him by the defendant, and he was therefore guilty of such negligence as materially contributed to his injury. Wharton on Negligence, § 215; *Otis* v. *Town of Janesville*, 47 Wis., 422; *Lockwood* v. *Chicago & Nor. W. R. R. Co.*, 55 id., 50; *Strong* v. *Boston & Albany R. R. Co.*, 60 Barb., 30; *Daniels* v. *Town of Saybrook*, 34 Conn., 377.

2. The plaintiff had voluntarily placed himself in a spot where, if anything occurred, he would be unable to avail himself of the safeguards specially provided by the defendant, and on which the foreman intended to have him rely in stationing him as he did. Had he been stationed at this spot from which he fell, he would not have been to blame for unwisely stepping off the platform, because of the lack of time in which to decide on some action, but his fault lay in his putting himself in that spot in the first place. *Goldstein* v. *Chicago &c. R. R. Co.*, 46 Wis., 404. He had no right to leave the post of duty assigned him, for his own comfort or convenience, except at his own risk. In this case the court finds that there was no just cause for his so changing his position, and having so voluntarily exposed himself to greater risks than those imposed upon him by his employer, he cannot recover. *Strong* v. *Boston & Alb. R. R. Co.*, 60 Barb., 30.

3. An employee cannot recover against an employer for injuries caused by the negligence of the employer, if the injuries which result would have been avoided had he been

free from negligence on his own part. The plaintiff's injuries resulted from the fall; had he remained where he was employed and directed to stand, he could not have fallen. In *Railroad Co.* v. *Jones*, 95 U. S. R., 442, the court says:— "One who by his negligence has brought an injury upon himself, cannot recover damage for it. Such is the rule of the civil and of the common law. A plaintiff in such cases is entitled to no relief. But where the defendant has been guilty of negligence also in the same connection, the result depends upon the facts. The question in such cases is 1st, whether the damage was occasioned entirely by the negligence or improper conduct of the defendant; or 2d, whether the plaintiff himself so far contributed to the misfortune by his own negligence or want of ordinary care and caution, that but for such negligence or want of care and caution on his part the misfortune would not have happened. In the former case the plaintiff is entitled to recovery. In the later he is not." The facts in the case at bar are very much like those in that case, with the exception that in the case cited the plaintiff had the apparent authority of the foreman to assume the position taken by him; while in the case at bar the plaintiff was distinctly ordered by the foreman not to assume the position afterward taken by him, and was also warned by a fellow workman. *Railroad Co.* v. *Jones*, *supra*, and cases cited on page 443; *Rains* v. *St. Louis &c. R. R. Co.*, 71 Misso., 164, and cases cited.

4. It is true that the defendant did not contemplate the falling of the gable of the building when the warning was given to the plaintiff not to go upon the end of the platform, but the danger there was manifest to an ordinarily prudent man, and in cases of mutual negligence the plaintiff cannot recover. The rule is variously stated, but with the same fixed meaning in all cases. The authorities might be cited without end to this effect, but we deem a few sufficient. "If the party by want of ordinary care contributed to the injury, he will not be entitled to recover." *Parker* v. *Adams*, 53 Mass., 420. "The parties seeking to recover for injuries occasioned by the negligence of another, must be

shown to be free from negligence contributing in any degree to occasion the injury complained of." *Gonzales* v. *N. York & Harlem R. R. Co.*, 38 N. York, 442; *Park* v. *O'Brien*, 23 Conn., 339; *Neal* v. *Gillett*, id., 436; *Railroad Co.* v. *Jones*, 95 U. S. R., 443; *Smith* v. *Smith*, 19 Mass., 621; *Fallon* v. *City of Boston*, 85 id., 38. No more simple and direct instructions could have been given by an employer than were the directions and warnings in this case. If a laborer is to be allowed to act on his own rash and foolish impulses, in direct violation of orders and warnings, and when in consequence he be injured is to be encouraged to bring his action for heavy damages, employers are deprived of all power to free themselves of responsibility for accidents resulting from the grossest violation of simple instructions and direct warnings.

TORRANCE, J. The general question reserved for our advice in this case, is, whether the plaintiff upon the facts found is entitled to the substantial damages or only to the nominal damages found by the court below.

Inasmuch as that court has expressly found that the negligence of the defendant caused or contributed to the injury for which the plaintiff seeks to recover, the decision of the above general question depends upon this single point, namely, whether the acts and conduct of the plaintiff as set forth upon the record constitute or amount to such contributory negligence on his part as will bar his right to substantial damages. The facts found, so far as they bear upon the question for decision, are in substance the following :—

. The plaintiff was a workman in the service of the defendant, and at the time of the injury complained of was engaged in helping to store ice for the defendant in a certain brick building. In doing this work the plaintiff stood upon a platform about five feet wide and seventeen feet long, raised fifteen feet above the ground, and extending from the west side of the building easterly to a point about two feet east of the door or aperture through which the ice was taken into the building. A stout plank of suitable height

and strength extended along the outer side of the platform as far as the west side of the door and served as a protective railing or guard to that portion of the platform. In front of the door and east of it the platform was without guard or railing of any kind. A short time prior to the injury the foreman of the defendant stationed the plaintiff on the platform just west of the door and inside the railing, and showed him what his duties were there, and told him "not to go upon the east end of the platform east of the slide and door, as it was not safe to stand there." He did not tell the plaintiff why it was not safe, but the danger which he had in mind was the narrowness and unrailed condition of the platform and the liability by inadvertence to misstep or fall or slip off, the latter being aggravated by the liability of the platform to become slippery from broken ice. These dangers were all manifest. The peril resulting from the accident which happened to the building was not in contemplation.

After the foreman went away the plaintiff, in spite of the orders so given to him, and for reasons of his own apparently, went over to the east end of the platform and worked there. It is found that there was no sufficient reason or excuse for the change of position. One of his fellow workmen, seeing the plaintiff in that place, told him that "it was not safe, and to stand on the other side," but the plaintiff, notwithstanding such warning, remained at work there.

While so at work the brick wall of the building above the platform, in consequence of the negligence of the defendant, gave way, the brick falling upon the platform and thence to the ground. The plaintiff was struck by portions of the descending mass and fell to the earth. He was either knocked off, or his fall, in the condition in which he stood, was inevitable; indeed, had he not fallen when he did, his injuries, which were very serious, would have been worse. Most of the injuries which he actually sustained were occasioned by the fall.

The plaintiff had no knowledge that the wall would be likely to fall or was in any way unsafe, and it is found that

"no fault or negligence can be imputed to him in *his regard."

In contemplation of the peril from the falling wall, it is found that "the spot where the plaintiff stood could not have been considered more dangerous than the place where he was directed to stand, though in fact most of the brick fell upon the side where he stood, and the result demonstrated therefore that the other side would have been safer in the event which occurred."

Upon these facts the defendant contends that the plaintiff, in going to and remaining on the east end of the platform, contrary to the orders and in spite of the warning given him, and in view of the obvious and manifest danger in so doing, was guilty of such contributory negligence as bars him of his right to recover more than nominal damages.

If the plaintiff's injuries had resulted from any of the perils and dangers attendant upon the mere fact of his standing and working on the east end of the platform, which were obvious and manifest to any one in his place, which were in the mind of the foreman when he told the plaintiff not to go there, and in view of which his fellow workman warned him, then this claim of the defendant would be a valid one. But upon the facts found it is without foundation.

The injury to the plaintiff was not the result of any such dangers, but was caused through the negligence of the defendant by the falling walls. This was a source of danger of which he had no knowledge whatever. He was justified in supposing that the wall was safe and would not be likely to fall upon him, no matter where he stood on the platform. He had no reason to anticipate even the slightest danger from that source before or after he changed his position. This being so, he could be guilty of no negligence with respect to this source of danger by changing his position contrary to orders; for negligence presupposes a duty of taking care, and this in turn presupposes knowledge or its legal equivalent.

With respect to that danger the plaintiff upon the facts

found must be held to have acted as any reasonably careful man would have acted under the same circumstances. In changing his position contrary to orders he voluntarily took the risk of all perils and dangers which a man of ordinary care in his place ought to have known or could reasonably have anticipated; but as to dangers arising through the defendant's negligence from other sources—dangers which he was not bound to anticipate and of whose existence he had no knowledge, he took no risk and assumed no duty of taking care. It was the duty of the defendant on the facts found to warn the plaintiff against the danger from the falling wall.

Now the act or omission of a party injured which amounts to what is called contributory negligence, must be a negligent act or omission, and in the production of the injury it must operate as a proximate cause or one of the proximate causes, and not merely as a condition.

In the case at bar the conduct of the plaintiff, as we have seen, was, with respect to the danger from the falling wall, not negligent for the want of knowledge or its equivalent on the part of the plaintiff.

Nor was his conduct, legally considered, a cause of the injury. It was a condition rather.

If he had not changed his position he might not have been hurt. And so too if he had never been born, or had remained at home on the day of the injury, it would not have happened; yet no one would claim that his birth or his not remaining at home that day, can in any just or legal sense be deemed a cause of the injury.

The court below has found that the plaintiff's fall in the position in which he stood was due to the giving-way of the wall, and that most of his injuries were occasioned by the fall. His position there, upon the facts found, can no more be considered as a cause of the injury, than it could be in a case where the defendant, in doing some act near the platform without the plaintiff's knowledge, had negligently knocked him to the ground, or had negligently hit him with a stone. Had the injury been occasioned by a mis-

step or slip from the platform by the carelessness of the plaintiff, or for the want of a railing, the causal connection between the change of position and the injury would, legally speaking, be quite obvious; but from a legal point of view no such connection exists between the change of position and the giving way of the wall.

The plaintiff had full knowledge of and was abundantly cautioned against certain particular sources of peril and danger, and he voluntarily neglected the warnings and took the risk of those perils and dangers. He was injured through the negligence of the defendant from an entirely different source of danger, of which he knew and could know nothing, and of whose existence it was the duty of the defendant to warn him.

Under these circumstances the failure or neglect to heed the warning does not constitute contributory negligence. *Gray* v. *Scott*, 66 Penn. St., 345.

In the case cited certain boys had been warned not to play at a certain point because of some particular and obvious dangers existing there. They failed to heed the warning, and one of them, playing at that place, was killed. His death was caused by the negligence of another and came from a source of danger not obvious and entirely different from any the boys had been warned against.

In answering the argument that the boy's failure to heed the warnings was a cause of his death and contributory negligence, the court say:—"But because he was under the tramway in the passage below it is thought he was guilty of contributory negligence. He could not be guilty of negligence as to the defendant without there was some reason to expect danger and a duty of care on his part in relation to it. There was ordinarily none. He had a right therefore to suppose everything secure and safely managed on the tramway, and because it was not he was killed. Precisely the same argument could have been used if the boy had been killed in that place by the negligent use of firearms discharged a hundred yards off."

The defendant seems to claim however that, although

some of the plaintiff's injuries were caused by falling bricks, yet most of them were caused by his fall; and that as he probably would not have fallen had he remained behind the railing, he contributed to his injury by placing himself where in case of such accident there was nothing to prevent his fall.

Whether the claim that he would probably not have fallen had he remained where he was stationed be true or not, must forever remain matter of conjecture. But if its truth could be demonstrated it would not, as we have seen, change the relation of the plaintiff's act to the legal cause of his injury, or make that act, from a legal standpoint, a contributing cause when it was but a condition.

And if the claim means that the plaintiff by his act increased the injury merely, then if this were true it would not be such contributory negligence as would defeat the action. To have that effect it must be an act or omission which contributes to the happening of the act or event which caused the injury. An act or omission that merely increases or adds to the extent of the loss or injury will not have that effect, though of course it may affect the amount of damages recovered in a given case. *Gould* v. *McKenna*, 86 Penn. St., 297 ; *Stebbins* v. *Central R. R. Co.*, 54 Verm., 464. This claim however, on the facts found, is wholly without foundation.

The plaintiff is entitled to judgment in his favor for one thousand dollars, and the Superior Court is so advised.

In this opinion the other judges concurred.