## KATHLEEN MATHER *v.* WAREHOUSE POINT MASONIC HALL CORPORATION
### (AC 18060)

Hennessy, Sullivan and Dupont, Js.

Argued February 17—officially released May 18, 1999

*J. Christopher Kervick*, with whom were *Wendy L. Veilleux* and, on the brief, *Philip A. Post*, for the appellant (plaintiff).

*James V. Somers*, with whom were *Kevin Roche* and *Laura A. Pascale*, for the appellee (defendant).

*Opinion*

SULLIVAN, J. The plaintiff, Kathleen Mather, appeals from a judgment, rendered after a jury trial, in favor of the defendant, Warehouse Point Masonic Hall Corporation. The plaintiff claims that the trial court improperly (1) refused to allow her to pursue a negligence per se theory based on alleged violations of a superseded building code, (2) concluded that a previous building code was inadmissible as evidence, (3) permitted defense counsel to argue that the plaintiff had failed to prove her negligence per se claim and (4) instructed the jury regarding the building code.

The defendant claims that the general verdict rule precludes appellate review of these issues. We conclude that the general verdict rule precludes our review of this case and affirm the judgment of the trial court.

The jury reasonably could have found the following facts. The plaintiff has been a tenant of the defendant since 1969. On September 20, 1991, the plaintiff fell off the stoop of the stairway on her porch while hanging a bedspread on the clothesline. When she moved into the apartment in 1969, there had been a railing on the stoop. The railing was removed several years later and never replaced, even though the building code then required such a railing. At the time of the accident, the building code had been changed and did not require a railing on the stoop.

The plaintiff filed a one count complaint, sounding in negligence. The complaint alleged common-law negligence as well as statutory negligence. The defendant denied the allegations and, by way of special defense, alleged contributory negligence on the part of the plaintiff. The plaintiff did not request any special interrogatories, and the jury returned a general verdict for the defendant.

The dispositive issue on appeal is whether the general verdict rule precludes appellate review of this case. The plaintiff argues that the general verdict rule should not apply where a defendant asserts contributorily negligent conduct by the plaintiff. Specifically, she asserts that the enactment of General Statutes § 52-572h, which replaced traditional contributory negligence with a comparative fault scheme, renders the general verdict rule inapplicable.[1] This assertion is contrary to binding case law. Consequently, we find no merit to this claim.

"[T]he so-called general verdict rule provides that, if a jury renders a general verdict for one party, and no party requests interrogatories, an appellate court will presume that the jury found every issue in favor of the prevailing party." (Internal quotation marks omitted.) *Curry* v. *Burns*, 225 Conn. 782, 786, 626 A.2d 719 (1993). "The rule rests on the sound policy of conservation of judicial resources . . . . Declining . . . to afford appellate scrutiny of the appellant's claims in [a case where the basis of the jury verdict is uncertain and may rely on various grounds] is consistent with the general principle of appellate jurisprudence that it is the appellant's responsibility to provide a record upon which reversible error may be predicated." Id., 790. The general verdict rule applies with equal force where the defendant alleges that the plaintiff was contributorily negligent. *LaFleur* v. *Farmington River Power Co.*, 187 Conn. 339, 343, 445 A.2d 924 (1982).

*LaFleur* controls this case. The plaintiff concedes that *LaFleur* controls but would have us reexamine

---

[1] The plaintiff also raised the question of whether the general verdict rule could be circumvented because comparative fault is not a defense to negligence per se. Comparative fault is, in fact, a defense to negligence per se; General Statutes § 52-572h; W. Prosser & W. Keeton, Torts (5th Ed. 1984) § 36; and does not preclude the application of the general verdict rule. *LaFleur* v. *Farmington River Power Co.*, 187 Conn. 339, 343, 445 A.2d 924 (1982) (general verdict rule applied where plaintiff alleged, inter alia, negligence per se, and defendant denied negligence and asserted special defense of contributory negligence).

that case. "It is not, however, within our province to overrule or discard the decisions of our Supreme Court." *State* v. *Oliver*, 41 Conn. App. 139, 146, 674 A.2d 1359, cert. denied, 237 Conn. 920, 676 A.2d 1374 (1996). Because the plaintiff raised no challenge to the jury's presumed finding of contributory negligence, we conclude that the general verdict rule applies to this case and precludes appellate review.

The judgment is affirmed.

In this opinion the other judges concurred.