[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT
In the early morning hours of July 26, 1998, the plaintiff's decedent, Michael Shafer, was a passenger in a motor vehicle owned by Peter Panaroni and operated as a family vehicle with his permission by his son, Jason Panaroni (Panaroni), traveling on a public street in the town of Branford.[1] Shafer was actually riding on the car's roof when Panaroni lost control of the vehicle, resulting in its rollover. Shafer was trapped underneath and died five days later of multiple injuries.
Count one states a claim of negligence based on violations of certain motor vehicle statutes. Specifically, count one alleges that Panaroni's negligence and carelessness caused Shafer's injuries and death in the following ways: (1) he violated General Statutes § 14-227a(a) by operating the vehicle under the influence of alcohol or drugs;[2] (2) he violated General Statutes § 14-227a(b) in operating the vehicle while his ability to drive was impaired by alcohol;[3] (3) he violated General Statutes § 14-257(a) by operating the vehicle with Shafer riding on the its roof;[4] (4) he violated General Statutes §14-218a(a) by operating the vehicle at a speed in excess of the posted speed limit or greater than what was reasonable;[5] (5) he violated General Statutes § 14-222(a) by operating the vehicle in a reckless and dangerous manner;[6] (6) he violated General Statutes § 14-241(b) by failing to keep to the right of the center of an intersection when making a left turn;[7] (7) he violated General Statutes § 14-242(a) by turning or attempting to turn at an intersection when doing so was unreasonable or improper under the circumstances;[8] (8) he violated General Statutes § 14-230(a) by failing to operate the vehicle on the right side of the road;[9] (9) he violated General Statutes §14-235(2) by operating the vehicle on the left side of the road when approaching or crossing an intersection;[10] (10) he violated General Statutes § 14-222a by operating the vehicle in a manner that caused the death of another person; (11) he operated the vehicle without keeping a proper lookout; and (12) he operated the vehicle with defective or inadequate brakes, or failed to apply the brakes in time to avoid losing control of the vehicle.
Count one seeks damages relating to the loss of Shafer's life, his pain and suffering, and the expenses incurred by the plaintiff for her decedent's hospitalization, emergency medical care, funeral and burial. Count two seeks double or treble damages pursuant to General Statutes § 14-295,[11] contending that Panaroni recklessly violated the motor vehicle statutes cited in count one, based on the same factual allegations made in count one. The defendants have filed an answer and a special defense alleging contributory negligence and assumption of risk.
The plaintiff has now filed the present motion for summary judgment. The submitted documentary evidence includes the following items: (1) the CT Page 17420 affidavit of Michael Carsone, a police officer employed by the police department of the town of Branford, regarding the speed limit for the streets relevant to the accident (exhibit A); (2) a copy of the certificate regarding the appointment of the plaintiff as the administrator of Shafer's estate (exhibit B); (3) a copy of the transcript of Superior Court proceedings before Honorable Taggart Adams on May 21, 1999, in which Panaroni pleaded guilty to several statutory violations in a criminal action entitled State v. Panaroni, Docket No. MV8-234634 (exhibit C); (4) a copy of Panaroni's statement to the police regarding the accident, made shortly after the accident on the morning of July 26, 1998 at the police department (exhibit D). The defendants have objected to the motion for summary judgment and have filed a supporting memorandum of law and the affidavit of Jason Panaroni.
"Practice Book . . . § 17-49 provides that summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. . . . In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . . The party seeking summary judgment has the burden of showing the absence of any genuine issue [of] material facts which, under applicable principles of substantive law, entitle him to a judgment as a matter of law . . . and the party opposing such a motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact." (Citations omitted; internal quotation marks omitted.) Rivera v.Double A Transportation, Inc., 248 Conn. 21, 24, 727 A.2d 204 (1999).
"[A] summary disposition . . . should be on evidence which a jury would not be at liberty to disbelieve and which would require a directed verdict for the moving party. . . . [A] directed verdict may be rendered only where, on the evidence viewed in the light most favorable to the nonmovant, the trier of fact could not reasonably reach any other conclusion than that embodied in the verdict as directed." (Citations omitted; emphasis in original; internal quotation marks omitted.) Millerv. United Technologies Corp., 233 Conn. 732, 752, 660 A.2d 810 (1995). "In ruling on a motion for summary judgment, the court's function is not to decide issues of material fact, but rather to determine whether any such issues exist." Nolan v. Borkowski, 206 Conn. 495, 500, 538 A.2d 1031
(1988). "The existence of the genuine issue of material fact must be demonstrated by counter affidavits and concrete evidence." (Internal quotation marks omitted.) Pion v. Southern New England Telephone Co.,44 Conn. App. 657, 663, 691 A.2d 1107 (1997).
The plaintiff contends that there is no genuine issue of material fact as to the defendants' liability and that she is entitled to judgment as a CT Page 17421 matter of law. Her memorandum of law boils down to four arguments: (1) Panaroni has admitted his negligence, as evidenced by his guilty pleas in the criminal proceedings on May 21, 1999 and his statement to the police on July 26, 1998. His pleas and statement establish his negligence as a matter of law in this case; (2) the defendants' special defense fails as a matter of law because it has not specifically pleaded comparative negligence, pursuant to General Statutes § 52-572h(b);[12] (3) the special defense fails as a matter of law because the alleged negligence of Shafer, riding on the top of the vehicle, is a condition, but not a cause, of his injuries and death in that it did not contribute to the vehicle's rollover; (4) the violation of General Statutes § 14-257(a), operating a vehicle with a passenger on the roof of the vehicle, is negligence per se, and the court should construe the legislative purpose of § 14-257(a) as placing the entire responsibility for avoiding the harm on Panaroni even if Shafer was contributorily negligent.
As a threshold matter, the defendants question the admissibility of the plaintiff's documentary evidence. First, with regard to the transcript of the criminal proceedings on May 21, 1999 (Exhibit C), the defendants request the court to make an initial determination as to the adequacy of the certification. They suggest that the certification of the transcript may be similar to that of a deposition transcript and, therefore, pose similar problems regarding its acceptability. Second, with regard to Panaroni's statement to the police on July 26, 1998 (Exhibit D), they argue that it is hearsay that does not meet any established exception to its admissibility. Specifically, they argue that the document, on its face, does not meet the business document exception to the hearsay rule.
With regard to the merits of the motion for summary judgment, defendants make the following arguments in opposition: (1) the plaintiff is not entitled to use Panaroni's guilty pleas in the criminal action to establish his negligence in this civil action under the doctrine of issue preclusion (collateral estoppel) because the issues regarding the alleged statutory violations were not actually litigated in the criminal action; (2) contrary to the plaintiff's assertion, they have specifically and affirmatively pleaded a legally sufficient special defense of contributory negligence in compliance with both Practice Book § 10-53
and General Statutes § 52-114;[13] (3) the affidavit of Panaroni and the allegations made in the special defense create genuine issues of material fact as to Shafer's contributory negligence, thereby precluding summary judgment as to the defendants' liability.
 I
With regard to the transcript of the criminal action proceeding (Exhibit C), the defendants question the adequacy of its certification, CT Page 17422 suggesting that it may have the same problems as those regarding uncertified deposition transcripts.[14] This challenge is unfounded. First, admissions made at judicial proceedings are different from admissions made at deposition proceedings in terms of their evidentiary value, and the transcripts of these two different proceedings cannot be treated in the same way. Admissions made at a judicial proceeding are judicial admissions. Kopacz v. Day Kimball Hospital of Windham County,Inc., 64 Conn. App. 263, 272, ___ A.2d ___ (2001). "Judicial admissions are voluntary and knowing concessions of fact by a party or a party's attorney occurring during judicial proceedings. . . . A judicial admission is, in truth, a substitute for evidence, in that it does away with the need for evidence. . . . A party is bound by a judicial admission unless the court, in the exercise of its discretion, permits the admission to be withdrawn, explained or modified." (Citation omitted; internal quotation marks omitted.) Id. In comparison, "[t]he primary purpose of a deposition taken pursuant to [the rules of practice] is discovery." Sanderson v. Steve Snyder Enterprises, Inc., 196 Conn. 134,139, 491 A.2d 389 (1985). "[T]he allowable scope of inquiry at a discovery deposition clearly exceeds the boundaries of admissible evidence." Id.; see also Practice Book §§ 13-2 and 13-31. "Responses to interrogatories are not judicial admissions in contrast to admissions in a pleading or in open court. . . . A response to a question propounded in a deposition is not a judicial admission." (Citations omitted.)Esposito v. Wethered, 4 Conn. App. 641, 645, 496 A.2d 222 (1985).
Second, the transcript of the criminal action proceedings contains a photocopy of the certification page by the court reporter, not the original. The defendants, however, have not disputed the truthfulness or accuracy of the contents of the transcript, nor have they challenged the plaintiff's submission of the photocopy of the certification in lieu of the original. The court will, therefore, consider the transcript as it is.
The defendants are also misguided in their challenge to the Panaroni's written statement to the police (Exhibit D). Though the statement, made outside the court but offered in evidence here to establish the truth of the matter stated, is hearsay; Code of Evidence § 8-1 (3); it is admissible evidence because it is a statement by a party opponent. Id, § 8-3(1).[15] The plaintiff need not seek its admission on the basis of business document exception. The defendants have not disputed the truthfulness or accuracy of the statement, nor have they denied that Panaroni gave the statement to the police freely and voluntarily.
These two documents are, therefore, admissible evidence for purposes of the present motion for summary judgment. CT Page 17423
 II
As to the merits of the motion for summary judgment, the plaintiff argues first that Panaroni's guilty pleas in the criminal proceedings and his statement to the police establish his negligence as a matter of law. The defendants respond that the plaintiff is not entitled to use Panaroni's guilty pleas in the criminal action to establish his negligence in this civil action under the doctrine of issue preclusion because the issues regarding the alleged statutory violations were not litigated in the criminal action. In their answer to the complaint, the defendants have denied all claims of statutory violations or negligence on their part.
In the criminal proceedings on May 21, 1999, pursuant to an agreement reached by his attorney with both the state and the attorney representing Shafer's interests, Panaroni pleaded guilty to negligent homicide with a motor vehicle in violation of General Statutes § 14-222a, operating a motor vehicle while his ability to drive was impaired by alcohol in violation of General Statutes § 14-227a(b), and operating a motor vehicle with a passenger riding on the top of the vehicle in violation of General Statutes § 14-257(a). (Exhibit C to plaintiff's memorandum of law, pp. 2-3.) In accordance with the parties' agreement, the court sentenced Panaroni to six months in the custody of the commissioner of corrections, execution suspended, and placed him on probation for two years for the violation of § 14-222a, and imposed a fine of $90 each for the violations of §§ 14-227a(b) and 14-257(a). (Id., pp. 3, 6-7.)
Panaroni's July 26, 1998 written statement to the police, made shortly after the accident, states that he and Shafer attended a party around ten o'clock on the evening of July 25 and that he drank two or three beers there. Around half past one in the morning, they went to another party. While on the way, Shafer kept opening the passenger side door of the vehicle. He eventually climbed out of the moving vehicle and situated himself on its roof. Panaroni did not drink at this second party, where they stayed only for a few minutes. On the way back, Shafer kept opening the door, climbed out of the moving vehicle and placed himself on the roof again. Shafer was yelling at Panaroni to go faster. Panaroni was yelling back at him to get off the roof and looking behind when he noticed that he was approaching the turn for the street into which he had planned to turn. He "slammed on the brakes," and even though he was driving only at twenty-five or thirty miles per hour, the vehicle flipped and rested on its side.
Panaroni's statement to the police admits only that he had drunk two or three beers several hours before the accident and that he had slammed on the brakes of the moving vehicle while turning into a side street. CT Page 17424 Contrary to the plaintiff's argument, these factual admissions by themselves do not amount to a legal admission of negligence. Nor can these admissions establish negligence on the part of Panaroni as a matter of law.
Even Panaroni's guilty pleas in the criminal action cannot be used, under the doctrine of issue preclusion, to establish the legal conclusions sought by the plaintiff, that Panaroni was negligent and his negligence was the sole proximate cause of the injuries and death of Shafer. "With respect to issues determined in a criminal prosecution . . . [a] judgment in favor of the prosecuting authority is preclusive in favor of a third person in a civil action . . . against the defendant in the criminal prosecution. . . ." 1 Restatement (Second), Judgments § 85(2)(a) (1982). "The preclusive effect of a criminal judgment in a subsequent civil action `presupposes that the issue in question was actually litigated in the criminal prosecution.' 1 Restatement (Second), Judgments § 85, comment b (1982)." Rawling v. New Haven, 206 Conn. 100,111, 537 A.2d 439 (1988). "As a general rule, a criminal judgment based on a plea of nolo contendere or a plea of guilty has no preclusive effect in a subsequent civil action, even though, under the law of evidence, a plea of guilty may constitute an admission against interest. 1 Restatement (Second), Judgments § 85, comment b (1982). This rule is justified because neither type of plea is the product of actual litigation."Rawling v. New Haven, supra.[16]
Panaroni's guilty pleas to negligent homicide, operating while impaired, and driving with Shafer riding on the top of the vehicle have no preclusive effect in this action because the issues of negligence and sole proximate causation were not actually litigated in that action. Panaroni may be estopped in this action to contest the facts that he has admitted in his statement and guilty pleas, that he had drunk two or three beers several hours before the accident, that he operated the vehicle with Shafer on the top, and that he slammed on the brakes when approaching the intersection. See Rawling v. New Haven, supra,206 Conn. 111; 1 Restatement (Second), Judgments § 85, comment b. These admissions of facts, however, cannot support the conclusions of law sought by the plaintiff, that Panaroni's conduct was the sole proximate cause of the accident as a matter of law.
Because the guilty pleas and the statement have no preclusive effect in this action, the plaintiff has failed to show that there is no genuine issue of material fact as to her prima face case of negligence. For this reason alone, the court must deny her motion for summary judgment on count one of the complaint.
 III
CT Page 17425 A
With regard to the defendants' special defense, the plaintiff argues first that it fails as a matter of law because the defendants have not specifically pleaded comparative negligence. There is no merit to this argument.
The special defense contends that Shafer's own negligence was the proximate cause of the accident and damages, that Shafer was contributorily negligent, and that his negligence was greater than the negligence of Panaroni. Specifically, the special defense alleges that (1) Shafer exited the defendant's moving vehicle through his own negligence, placing himself thereby in a dangerous situation, and (2) he knew or should have known that his action could have ended in a serious, if not deadly, result.
The defendants have thus specifically pleaded that Shafer voluntarily exited the moving vehicle and knowingly placed himself in a dangerous situation of riding on the top of the moving vehicle, and that Shafer's negligence in doing so was greater than Panaroni's negligence. In view of the specific allegations of the special defense, there is no merit to the plaintiff's argument that the defendants have not fairly pleaded comparative negligence.
 B
The plaintiff argues next that the special defense fails as a matter of law because Shafer's conduct is merely a condition, but not a cause, of the accident. Specifically, the plaintiff argues that Shafer's conduct was not a proximate cause of his injuries and death as a matter of law. Rather, she claims, it was the negligent, willful or reckless operation of the vehicle by Panaroni, allowing Shafer to ride on the top of the vehicle, that proximately caused his death as a matter of law.
There is no merit to this argument either. First, it is not disputed, at least for purposes of this proceeding, that Shafer voluntarily exited the moving vehicle and knowingly placed himself in a dangerous situation. Shafer, being an adult, knew or should have known that riding on the top of a moving vehicle was inherently dangerous. See Hinch v.Elliot, 119 Conn. 207, 209, 175 A. 684 (1934) (finding that it was "inherently dangerous" for a passenger to ride outside a moving vehicle, perched on its front, on a much-traveled highway); Bohan v. Last,236 Conn. 670, 680, 674 A.2d 839 (1996) (noting that the court in Ely v.Murphy, 207 Conn. 88, 89, 540 A.2d 54 (1988), could reasonably "presume" that the adult hosts of a high school graduation open house "knew or had CT Page 17426 reason to know that a significant number of their guests were minors" when they "knowingly" served beer there). It has not been alleged that Shafer, once on the top of the vehicle, had ever pleaded with Panaroni to stop the vehicle at any time prior to the accident. The undisputed voluntary and knowing assumption of risk by Shafer belies the plaintiff's assertion that he was "helpless."
Second, "as a matter of law, the alleged contributory negligence of a passenger riding in a vehicle is relevant in considering whether to bar his recovery. . . . The standard of care owed by the passenger of a motor vehicle is that of a reasonable and ordinarily prudent person under similar circumstances. . . . The passenger's alleged contributory negligence is therefore the proper subject of a special defense." (Citations omitted.) Caciopoli v. Acampora, 30 Conn. App. 327, 332,620 A.2d 191 (1993). The court in Caciopoli found that the defendant had asserted a legally valid special defense that the plaintiff was contributorily negligent by sitting on the edge of a step ladder in the back of a moving vehicle rather than on a seat. Id., 332-33. "The jury reasonably could have found that, but for the manner in which the plaintiff sat in the back of the van, he would not have been injured." Id., 333. Likewise, the court in Hinch v. Elliot, supra, 119 Conn. 209, found that riding "perched upon the front of an automobile . . . over a much a much-traveled highway, subject to all the vicissitudes of traffic conditions, at a speed of thirty-five to forty miles a hour, was conduct so inherently dangerous" that it amounted to contributory negligence as a matter of law.
Finally, the plaintiff's reliance on the condition-cause distinction is misplaced. The distinction was first formulated in Smithwick v. Hall Upson Co., 59 Conn. 261, 269, 21 A. 924 (1890), decided under the then reigning, now historical, regime of contributory negligence, which then operated as a complete bar to recovery by the plaintiff. In Smithwick, the plaintiff workman was put to work on a platform of the defendant's ice house, and warned not to go on an unrailed part of the platform because of the danger of slipping on the ice and falling off. He disregarded the warning, went to work on that part of the platform, and was knocked to the ground and injured by the collapse of a brick wall of a building above the platform, through the defendant's negligence. He knew nothing of the defect in the building. The defendant argued that the plaintiff was contributorily negligent in disregarding the order and changing his position, and that he should therefore be barred from recovering. The court rejected the argument, reasoning that the plaintiff "took no risk and assumed no duty of taking care" with regard to the dangers of the defective brick wall, of which he had no knowledge, arising from the defendant's own negligent maintenance of the brick wall. Id. "Now the act or omission of a party injured which amounts to what is called CT Page 17427 contributory negligence, must be a negligent act or omission, and in the production of the injury it must operate as a proximate cause or one of the proximate causes, and not merely as a condition." Id. The court held that the plaintiff's conduct of changing his position in disregard of the express order was a condition, but not a cause, of his injuries. Id. "If he had not changed his position he might not have been hurt. And so too if he had never been born, or had remained at home on the day of the injury, it would not have happened; yet no one would claim that his birth or his not remaining at home that day, can in any just or legal sense be deemed a cause of the injury." Id.
The plaintiff's reliance on the cause-condition distinction is misplaced because such an argument "oversimplifies our law of negligence and proximate causation and ignores the myriad of factual circumstances under which these legal principles may be established." Trzcinski v.Richey, 190 Conn. 285, 295, 460 A.2d 1269 (1983). Our Supreme Court later abandoned the elusive cause-condition distinction in favor of more precise and helpful principles of proximate cause, such as the substantial factor test or the test of reasonable foreseeability. In Kinderavich v.Palmer, 127 Conn. 85, 89-96, 15 A.2d 83 (1940), the court wrote that "[t]he statement that an act or omission is a condition and not a cause of an occurrence from which injury results means no more than it is not a proximate cause of that occurrence." Id., 96. "The ultimate test is, was the plaintiff's act or omission a substantial factor in producing injury. . . ." (Emphasis added.) Id.; see also Hines v. Davis,53 Conn. App. 836, 839, 731 A.2d 925 (1999) (the substantial factor test is an alternative way of stating that the inquiry of proximate cause must be limited to the scope of foreseeable risk created by a party's negligent conduct).
"`Proximate cause establishes a reasonable connection between an act or omission of a defendant and the harm suffered by a plaintiff.' W. Prosser W. Keeton, [Torts (5th Ed. 1984) § 41, p. 263]. The Connecticut Supreme Court has defined proximate cause as [am actual cause that is a substantial factor in the resulting harm. . . . The substantial factor test reflects the inquiry fundamental to all proximate cause questions, that is, whether the harm which occurred was of the same general nature as the foreseeable risk created by the defendant's negligence." (Internal quotation marks omitted.) Medcalf v. Washington Heights CondominiumAssn., Inc., 57 Conn. App. 12, 16-17, 747 A.2d 532, cert. denied,253 Conn. 923, 754 A.2d 798 (2000). "An `issue of proximate cause is ordinarily a question of fact for the trier.' (Internal quotation marks omitted.) Doe v. Manheimer, 212 Conn. 748, 756, 563 A.2d 699 (1989), overruled in part on other grounds, Stewart v. Federated Dept. Stores,Inc., 234 Conn. 597, 608, 662 A.2d 753 (1995). `It becomes a conclusion of law only when the mind of a fair and reasonable [person] could reach CT Page 17428 only one conclusion; if there is room for a reasonable disagreement the question is one to be determined by the trier of fact.' (Internal quotation marks omitted.) Id., 757." Ludington v. Sayers,64 Conn. App. 768, 773, ___ A.2d ___ (2001). "Likewise, the issues of negligence and contributory negligence are ordinarily ones of fact."Trzcinski v. Richey, supra, 190 Conn. 295; see also Visoky v. Lavoie,64 Conn. App. 501, 505, ___ A.2d ___ (2001) (issues of negligence and contributory negligence should be ordinarily reserved for the trier of fact).
There is ample room for reasonable disagreement as to whether Shafer's exiting from the moving vehicle and placing himself on its roof was a contributing cause of the accident. The affidavit of Panaroni, submitted in opposition to the motion for summary judgment, lends further support to the special defense that Shafer was contributorily negligent. The affidavit states that Shafer "abruptly, and without warning, exited the vehicle while it was in motion . . . proceeded to climb on top the roof of [the] vehicle. . . . [Shafer's] conduct both startled and distracted me. . . . I yelled to [Shafer], through the open sun roof, to get back in the vehicle. . . . The accident occurred, at least in part, because [Shafer's] conduct distracted me. . . ." There is ample room for reasonable disagreement as to whether that the dangers of distracting the driver and upsetting the equilibrium of the moving vehicle by Shafer's conduct were reasonably foreseeable. The same is true as to whether Shafer's conduct was a "substantial factor" in the cause of the accident or whether Panaroni's conduct was the sole proximate cause of the accident.
"[I]n light of the totality of circumstances in evidence, the plaintiffs requested [summary judgment] would effectively usurp the function of the [trier of fact] by precluding from [its] consideration evidence" relating to Shafer's alleged contributory negligence. Trzcinskiv. Richey, supra, 190 Conn. 296 (rejecting the plaintiff's similar argument based on the cause-condition distinction). "This is not a case where the facts require a conclusion by the [trier of fact] that [Panaroni's] acts were the sole proximate cause of [Shafer's] injuries . . . nor can [the court] conclude that [Shafer's] actions were so far removed from the actual occurrence producing the incident that they become mere incidents of the operating cause. . . . This issue is so fundamentally one of fact and inference that it should be left to the trier to determine if the question is open to a reasonable difference of opinion." (Citations omitted; emphasis in original; internal quotation marks omitted.) Id.
General Statutes 52-572h, enacted in 1973, "abolish[ed] the harsh common law rule that the doctrines of contributory negligence, last clear CT Page 17429 chance and assumption of risk operated as a complete bar to recovery. . . . In lieu of these doctrines, subsection (a) of52-572h sets forth a single standard: comparative negligence. In determining the relative negligence of each party, however, the factors relevant to the assumption of risk doctrine may be considered by the trier. As long as the jury is properly instructed concerning the doctrine of comparative negligence; General Statutes52-572h(b); elements involving the failure of the plaintiff to comprehend a risk may be specially pleaded and weighed by the trier in determining the propriety and totality of the plaintiff's conduct in relation to that of the defendant. When a plaintiff's conduct in assuming a risk is unreasonable, then the [assumption of risk] doctrine overlaps contributory negligence and the principle of comparative negligence embodied in the statute should apply." (Emphasis in original, citations omitted; internal quotation marks omitted.)Wendland v. Ridgefield Construction Services, Inc., 190 Conn. 791,797-98, 462 A.2d 1043 (1983).
Because the defendants have asserted a legally valid special defense of contributory negligence, the comparison of negligence must be left to a jury to determine. The genuine issues of material facts as to contributory negligence created by the special defense also preclude summary judgment on count one of the complaint. See, also, Gould et alv. Mellick and Sexton, 66 Conn. App. 542, ___ A.2d ___ (2001), in which our Appellate Court re-emphasized the cautions expressed in many earlier decisions about trying to resolve questions of negligence on motions for summary judgment.
 IV
The plaintiff also argues that the violation of General Statutes §14-257(a), for operating a motor vehicle with a passenger riding on its roof, is negligence per se, and that the court should construe the legislative intent of the statute as placing the entire responsibility for avoiding harm on Panaroni even if Shafer was contributorily negligent.
"Negligence per se operates to engraft a particular legislative standard onto the general standard of care imposed by traditional tort law principles, i.e., that standard of care to which an ordinarily prudent person would conform his conduct. To establish negligence, the jury in a negligence per se case need not decide whether the defendant acted as an ordinarily prudent person would have acted under the circumstances. They merely decide whether the relevant statute or regulation has been violated. If it has, the defendant was negligent as a matter of law." (Internal quotation marks omitted.) Gore v. People'sCT Page 17430Savings Bank, 235 Conn. 360, 376, 665 A.2d 1341 (1995).
"Violation of a statute often forms the legal basis of an action sounding in negligence per se. See Gore v. People's Savings Bank,235 Conn. 360, 368, 665 A.2d 1341 (1995). The two-pronged test of negligence per se is (1) whether the plaintiffs are within the class of persons protected by the statute and (2) whether the injury suffered is of the type that the statute is intended to prevent. Id., 368-69. While in general the violation of a statute is negligence per se, there are limitations to this rule. In order to base a recovery upon negligence in violation of a statute, it must appear that the injury suffered was of a nature which the statute was intended to guard against. . . ." (Internal quotation marks omitted.) Craig v. Driscoll, 64 Conn. App. 699, 717, ___ A.2d ___, cert. granted on other grounds, 258 Conn. 931, ___ A.2d ___ (2001).
The plaintiff cites no legislative history or legal authorities, and the court is aware of none, that holds that a violation of § 14-257(a) is negligence per se. The court, however, need not consider here whether a violation of § 14-257(a) is negligence per se because "[c]omparative fault is . . . a defense to negligence per se; General Statutes § 52-572h; W. Prosser W. Keeton, Torts (5th Ed. 1984) § 36. . . ." Mather v. Warehouse Point Masonic Hall Corp.,53 Conn. App. 399, 401 n. 1, 730 A.2d 641, cert. denied, 249 Conn. 928,733 A.2d 848 (1999).
The plaintiff relies on Restatement (Second), Torts § 483 (1965),[17] in particular, comments b,[18] c[19] and d,[20]
to support her argument that the court should construe the legislative intent of § 14-257(a) as placing the entire responsibility for avoiding harm on Panaroni even if Shafer was contributorily negligent.
Comment c to the Restatement rule clearly does not help the plaintiff because Shafer is obviously not within a class of minors deemed to be unable to protect themselves because of their own inexperience, lack of judgment or tendency toward negligence. As mentioned earlier, Shafer, as an adult, knew or should have known the risk of exiting a moving vehicle and riding on its top, placing himself in a dangerous situation. Contrary to the plaintiff's argument, Shafer was not a helpless victim, unable to protect himself. There is no allegation, let alone evidence, that he had ever pleaded with Panaroni to stop the vehicle and allow him to come off the roof of the vehicle prior to the accident. On the contrary, not only did he allegedly ignore Panaroni's pleas to come off the roof prior to the accident, he was also allegedly inciting Panaroni to drive faster prior to the accident. CT Page 17431
The plaintiff has not identified any legal authorities, and the court is aware of none, that support her argument that § 14-257(a) is within the class of statutes contemplated by comment d to the Restatement rule; that is, the that legislative intent of the statute is to place the entire responsibility for the harm that has occurred on the violator of the statute, even if the victim was fully able to protect himself and was contributorily negligent. Absent clear legislative intent and legal authorities, the court declines to so construe the statute.
As for comment b to the Restatement rule, the court notes that the plaintiff has not briefed its applicability to her case. Comment b states that if the tortfeasor intentionally disregards a high degree of risk of harm to the victim, and so amounts, at common law, to reckless conduct, the victim's contributory negligence will not bar his recovery. "Analysis, rather than mere abstract assertion, is required in order to avoid abandoning an issue by failure to brief the issue properly." (Internal quotation marks omitted.) Ferrara v. Hospital of St. Raphael,54 Conn. App. 345, 351, 735 A.2d 357, cert. denied, 251 Conn. 916,740 A.2d 864 (1999). The plaintiff's argument on the basis of comment b is, therefore, deemed to be abandoned. The court notes, however, that comment b may in any event not be relevant under our regime of comparative negligence, because the issue is not whether Shafer's contributory negligence bars the plaintiff's recovery under the historical, now abrogated, doctrine of contributory negligence unless it is excused by Panaroni's reckless conduct. The issue, as urged by the plaintiff, is whether the violation of § 14-257(a) by Panaroni makes him entirely responsible for the damages, regardless of Shafer's contributory negligence. As mentioned earlier with reference to comment d to the Restatement rule, there are no authorities that support the plaintiff's argument that the statute should be so construed.
 V
In count two, the plaintiff seeks double or treble damages pursuant to General Statutes § 14-295 by asserting that the violations of the motor vehicle statutes alleged in count one were reckless as a matter of law.
"A cause of action claiming wanton and reckless misconduct is `separate and distinct' from a cause of action alleging negligence. Kostiuk v.Queally, 159 Conn. 91, 94, 267 A.2d 452 (1970). At common law, contributory negligence was not a defense to a cause of action alleging wanton and reckless misconduct. Id., 93; Decker v. Roberts, 125 Conn. 150,157, 3 A.2d 855 (1939)." Belanger v. Village Pub I, Inc.,26 Conn. App. 509, 513, 603 A.2d 1173 (1992).[21]
CT Page 17432
The plaintiff, however, has failed to brief this count, and her motion for summary judgment on this count should, therefore, be deemed to be abandoned.[22] See Ferrara v. Hospital of St. Raphael, supra,54 Conn. App. 351. The court notes, nevertheless, that a claim of recklessness usually presents a question of fact, unsuitable for summary judgment, unless no reasonable mind can differ as to the conclusion. SeeCraig v. Driscoll, supra, 64 Conn. App. 721 (a claim of reckless disregard of another person's rights is usually a question of law unless no reasonable person can differ as to the conclusion); Brock v. Waldron,127 Conn. 79, 83, 14 A.2d 713 (1940) (same); Jaworski v. Kiernan,241 Conn. 399, 410, 696 A.2d 332 (1997) (quoting an out-of-state case that holds that a claim of reckless disregard of another person's safety is a question of fact to be decided by a jury).
Reasonable people may differ as to whether Panaroni's conduct was reckless in view of the knowing and voluntary assumption of risk by Shafer and Shafer's alleged incitement of Panaroni to drive faster. Relevant allegations made in Panaroni's statement to the police also provide room for reasonable disagreement as to whether Panaroni's conduct was reckless. The statement alleges that Shafer climbed out of the moving vehicle and onto its roof on an earlier trip to the second party on the night of accident. The accident happened on the return trip from that party when Shafer climbed out of the moving vehicle and onto its roof again. The statement alleges that the return trip was short in distance and it was during the wee hours of the morning when, presumably, there was little traffic in a small town. Panaroni alleges that he had repeatedly pleaded with Shafer, to no avail, to come off the roof. Reasonable people may differ as to whether Panaroni's conduct under these circumstances indicated a state of mind amounting to a reckless disregard of Shafer's safety. See Dubay v. Irish, 207 Conn. 518, 532-33, 542 A.2d 711
(1988). Such state of mind issues are ordinarily not susceptible of resolution on motions for summary judgment. Gould et al v. Mellick andSexton, supra, 66 Conn. App. 542, 566.
Finally, even if assuming, arguendo, that Panaroni's conduct should be deemed reckless as a matter of law, there are genuine issues of material fact as to whether Shafer's own conduct bars or at least reduces the plaintiff's recovery. It is not disputed that Shafer knowingly and voluntarily assumed a risk by exiting the moving vehicle and riding on its roof. At common law, "[a] plaintiff who voluntarily assumes a risk of harm arising from the negligent or reckless conduct of the defendant cannot recover from such harm." 2 Restatement (Second), Torts § 496A (1965).[23] There are genuine issues of material fact as to whether Shafer's assumption of risk amounted to a reckless disregard of his own safety as well as the safety of the other people riding in the car. At common law, "[a] plaintiff whose conduct is in reckless disregard of his CT Page 17433 own safety is barred from recovery to the plaintiff against a defendant whose reckless disregard of the plaintiff's safety is a legal cause of the plaintiff's harm." Id., § 503(3) (1965) and comment c.[24]
The court is aware of no authorities that hold that a defendant is strictly and completely liable for his reckless conduct even if the plaintiff is reckless in assuming or creating an unreasonable risk to himself. The genuine issues of material facts created by the special defense and evidence submitted by the defendants preclude summary judgment on the issue of recklessness asserted in count two. Count two, like count one, must be left to the jury's determination.[25]
Because the plaintiff has failed to show the absence of genuine issues of material facts as to the claims asserted in both counts of the complaint, in view of the legally valid special defense and the evidence submitted by the defendants, the court denies the motion for summary judgment as to both counts of the complaint.
Jonathan E. Silbert, Judge